**In re Aaron Douglas ROWE.**

**No. 11–05–00386–CV.**

Court of Appeals of Texas,
Eastland.

Dec. 21, 2005.

A. Michelle May, The May Firm, Dallas, for relator.

Rodion Cantacuzene, Cook & Cantacuzene, P.C., Midland, for real party in interest.

Panel consists of WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

Relator Aaron Douglas Rowe has filed a petition for writ of mandamus asking this court to issue a writ of mandamus ordering the trial court to set aside its temporary orders and abate divorce proceedings initiated by his wife. We find relator has not demonstrated a lack of an adequate remedy at law and deny the writ.

### Background Facts

Respondent Hollie Wynette Rowe filed for divorce in Midland County on October 19, 2005. Relator filed for divorce in Collin County two days later on October 21. Relator was timely served, and he filed a Motion to Dismiss for Lack of Jurisdiction and Plea in Abatement, contending that respondent had not been a resident of Midland County for 90 days prior to filing suit. The trial court held an evidentiary hearing and denied relator's motion.

### Is Mandamus Available For a Venue Ruling In a Divorce Action?

The threshold issue in any mandamus action is whether mandamus is an appropriate remedy. The Texas Supreme Court has held that mandamus will not issue unless (1) the trial court has committed a clear abuse of discretion (2) for which appeal is not an adequate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

Relator contends that the evidence conclusively established that respondent was not a resident of Midland County for at least 90 days before filing her divorce action as is required by TEX. FAM.CODE ANN. § 6.301 (Vernon 1998) and that the trial court abused its discretion by finding otherwise. Relator contends that he has no adequate remedy at law because as time passes his wife will be able to satisfy the statute's residency requirement and make his appeal moot.

Relator relies upon *Cook v. Mayfield*, 886 S.W.2d 840, 841 (Tex.App.-Waco 1994, orig. proceeding), for his argument that the passage of time will defeat his venue argument and make any appeal moot. We respectfully decline to follow *Cook* because we believe that the court incorrectly interpreted Section 6.301. This statute provides:

A suit for divorce may not be maintained in this state unless *at the time the*

*suit is filed,* either the petitioner or the respondent has been:

> (1) a domiciliary of this state for the preceding six-month period; and

> (2) a resident of the county in which the suit is filed for the preceding 90–day period. (Emphasis added)

Because Section 6.301 requires a petitioner to establish residency before filing suit, as opposed to before receiving a divorce, the mere fact that time will pass during the pendency of this proceeding does not deprive relator of the opportunity to appeal the trial court's decision to deny his plea in abatement. Per the plain language of the statute, residency must be established as of the date the suit is filed. Relator can effectively raise this issue on appeal. Therefore, the application of Section 6.301 alone does not deprive him of an adequate remedy at law.

■■■ We next consider whether, as a general proposition, the appeal of a venue ruling provides relator with an adequate remedy at law. The Texas Supreme Court has held that, in this context, the word "adequate" has no comprehensive definition but is "simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 136 (Tex.2004): On the one hand, mandamus review of incidental, interlocutory rulings interferes with trial court proceedings, forces appellate courts to spend valuable time with issues that may ultimately be unimportant to the disposition of the case, and adds to the expense and delay of the litigation for the parties. *Id.* On the other, mandamus review of significant rulings in exceptional cases may preserve important substantive and procedural rights, allow appellate courts to give needed and helpful direction, and spare the parties of the expense of re-litigating improperly conducted proceedings. *Id.* Ultimately, an appellate remedy is adequate when any benefits of mandamus review are outweighed by its detriments. *Id.*

■■■ A wrongful venue determination is not subject to harmless error analysis and by statute is reversible error. TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 2002). We are mindful that allowing a trial to go forward, even though potentially reversible error has been committed, puts at risk the resources of the parties and the trial court. Nonetheless, the Texas Supreme Court has consistently held that reversible error alone is insufficient to warrant mandamus relief, *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 308 n. 11 (Tex.1994); and that venue decisions in two-party suits, except for suits affecting the parent child relationship, are incidental trial rulings correctable by appeal. *See In re Missouri Pac. R.R. Co.,* 998 S.W.2d 212, 215 (Tex.1999).[1]

The Texas Legislature responded to the supreme court's refusal to review venue decisions by mandamus with TEX. CIV. PRAC. & REM.CODE ANN. § 15.0642 (Vernon 2002). This statute authorizes parties to seek mandamus to enforce the mandatory venue provisions of Chapter 15. The legislature's response was a limited one. Only

---

1. The Texas Supreme Court justified the exception for suits affecting the parent child relationship because of the need to expeditiously resolve custody and support issues. *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex. 1987). Neither party has characterized this as a suit affecting the parent child relationship. We note, however, that the parties have a newborn infant. TEX. FAM.CODE ANN. § 103.001 (Vernon 2002) is the venue statute for an original SAPCR. As a general rule, venue is in the county where the child resides, but an exception exists when venue is fixed in a suit for dissolution of marriage. *Id.*

mandatory venue provisions created by Chapter 15 were afforded mandamus review. We must presume, therefore, that the legislature otherwise agreed with the supreme court that mandamus was inappropriate for venue rulings.

*Conclusion*

Texas Supreme Court precedent, and the Texas Legislature's measured response, compel a finding that an appeal of a venue ruling provides relator with an adequate remedy at law. We conclude, therefore, that mandamus is not available to review the trial court's venue determination; we express no opinion on the merits of that ruling. The petition for writ of mandamus is denied.