Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# OPINION

No. 04-12-00355-CV

**IN RE** Donovan George **GREEN**

Original Mandamus Proceeding[1]

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  October 24, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

This court's opinion dated September 12, 2012 is withdrawn, and this opinion is issued in its place to remove a sentence in the background section of the opinion which is not relevant to the analysis.  The motion for rehearing filed by real party in interest Maria-Esperanza Green is denied.

Relator Donovan Green filed this petition for writ of mandamus, in part contending the trial court erred by failing to dismiss the divorce proceeding because neither party has met the residency requirements under section 6.301 of the Texas Family Code.  *See* TEX. FAM. CODE

---

[1] This proceeding arises out of Cause No. 2011-CI-01104, styled *In the Marriage of Maria-Esperanza Green and Donovan George Green*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Peter Sakai presiding.  However, the order complained of was signed by the Honorable Solomon J. Casseb III, presiding judge of the 288th Judicial District Court, Bexar County, Texas.

ANN. § 6.301 (West 2006) (General Residency Rule for Divorce Suit). We conditionally grant the petition for writ of mandamus.

## BACKGROUND

The underlying suit is a divorce proceeding between relator Donovan Green and real party in interest Maria-Esperanza Green that was filed in Bexar County, Texas on January 21, 2011. Donovan is serving in the United States Army, and since 2008 he has been living with Maria and their son in Germany where he has been stationed.

This suit was previously before this court in a similar mandamus proceeding. *See In re Green*, 352 S.W.3d 772 (Tex. App.—San Antonio 2011, orig. proceeding). This court granted mandamus relief in part and ordered the trial court to dismiss the suit affecting the parent child relationship because the trial court lacked jurisdiction. After the issuance of this court's opinion, on September 11, 2011 Donovan re-urged his special appearance, plea in abatement, and motion to dismiss in the divorce proceeding. After a hearing on September 12, 2011, the trial court denied Donovan's motion.

Then on February 6, 2012, Donovan filed a motion to reconsider, in part asking the trial court to dismiss the suit because neither party is domiciled in Texas. However, Maria claimed Donovan became a domiciliary of Texas in 1992 when he was stationed in Bexar County, Texas. At the hearing on the motion to reconsider, Donovan testified that he entered the service in New York, which is his registered home state with the military, and he only lived in Texas while stationed for military training in Bexar County from June 1992 until September 1992 and from December 1995 until May 1996. In 1995, Maria and Donovan were married in Belgium before he returned to Texas for training. However, Donovan testified Texas has never been his marital residence, he does not own any property in Texas, he has never been registered to vote in Texas,

and he has never had a Texas driver's license. He did acknowledge that he has a USAA bank account in San Antonio. Donovan further testified that he has a Virginia driver's license, he is registered to vote in Virginia, and he owns two homes in Virginia. Donovan acknowledged during his testimony that Texas is listed on his military leave and earnings statement as his residence, but he denied ever telling Maria he considered himself a domiciliary of Texas.

Maria testified she is a citizen of Belgium and she has never lived in Texas. She further testified she believed Donovan is a Texas domiciliary and that he told her he intended to return to Texas after his military service ends. After a hearing on April 13, 2012 on the motion to reconsider, the trial court again denied the motion. This petition for writ of mandamus ensued.

## ANALYSIS

To be entitled to mandamus relief, Donovan must establish the trial court clearly abused its discretion and he lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). An abuse of discretion with respect to factual matters occurs if the record establishes the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 840. However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.*

"The right to apply for, or obtain a divorce is not a natural one, but is accorded only by reason of statute, and the state has the right to determine who are entitled to use its courts for that purpose and upon what conditions they may do so." *Wood v. Wood*, 320 S.W.2d 807, 810 (Tex. 1959). Under the Family Code, "[a] suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been: (1) a domiciliary of this

state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90-day period." *See* TEX. FAM. CODE ANN. § 6.301 (General Residency Rule for Divorce Suit). Although section 6.301 is not itself jurisdictional, it is akin to a jurisdictional provision because it controls a party's right to maintain a suit for divorce and is a mandatory requirement that cannot be waived. *Reynolds v. Reynolds*, 86 S.W.3d 272, 276 (Tex. App.—Austin 2002, no pet.) (relying on *Oak v. Oak*, 814 S.W.2d 834, 837 (Tex. App.—Houston [14th Dist.] 1991, writ denied)); *See also In re Lai*, 333 S.W.3d 645, 648 (Tex. App.—Dallas 2009, no pet.). Therefore, the trial court could not maintain the suit unless the residency requirements are met. *Reynolds*, 86 S.W.3d at 276. While the requirements of domicile and residence under section 6.301 are a fact issue for the trial court to determine, such findings will be reversed if there is a clear abuse of discretion. *Griffith v. Griffith*, 341 S.W.3d 43, 53 (Tex. App.—San Antonio 2011, no pet. h.).

"The test for 'residence' or 'domicile' typically involves an inquiry into a person's intent." *Powell v. Stover*, 165 S.W.3d 322, 326 (Tex. 2005). When determining where a person resides, volition, intention and action are all elements to be equally considered. *See Mills v. Bartlett*, 377 S.W.2d 636, 637 (Tex. 1964). In order to be a resident, there must be an intention to establish a permanent domicile or home, and the intention must be accompanied by some act done in the execution of the intent. *Wilson v. Wilson*, 189 S.W.2d 212, 213 (Tex. Civ. App.—Fort Worth 1945, no writ). With regards to a soldier in the military, the "soldier does not acquire a new domicile merely by being stationed at a particular place in the line of duty. Rather, a soldier's domicile remains the same as when he or she entered the service, unless proof of clear and unequivocal intention to change domicile is shown." *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 849 n.17 (Tex. 2000) (internal citations omitted); *see also Miller v. Miller*, 306

S.W.2d 175, 176 (Tex. App.—San Antonio 1957, no writ) (holding a military service member who at the time he entered the armed forces lived in Victoria County, Texas and did not acquire another permanent residence retained his residence and domicile as it existed at the time he entered the service).

In order to maintain the divorce proceeding in Texas, the trial court had to determine that Donovan became a domiciliary of Texas. Maria claims Donovan became a domiciliary of Texas because he lived in San Antonio from June 1992 until September 1992 and from December 1995 until May 1996 for military training, and she asserts he took affirmative steps to change his legal residence to Texas by designating Texas as his residence on his military leave and earnings statement. Maria also claims Donovan told her he intended to return to Texas after he retired. Furthermore, Maria contends that once Donovan became a domiciliary of Texas in 1992, his subsequent continuous physical absence for military duty did not change his domiciliary status. *See* TEX. FAM. CODE ANN. § 6.303 (providing that "[t]ime spent by a Texas domiciliary outside this state or outside the county of residence of the domiciliary while in the service of the armed forces or other service of the United States or of this state . . . is considered residence in this state and in that county."). Based on the foregoing, Maria asserts Donovan is a domiciliary of Texas and the divorce proceeding should remain here.

However, based on the record before us we conclude Maria failed to establish that Donovan is a domiciliary of Texas. There is no proof of a clear and unequivocal intention by Donovan to change his domicile from New York, the place he resided when he entered the military, to Texas. *See Torrington*, 46 S.W.3d at 849 n.17. It is undisputed that Donovan only lived in Texas while being temporarily stationed for military training. Since the parties were married in 1995, Donovan has been stationed in Korea, Virginia, and Germany, and Donovan,

Maria, and their son currently live in Germany where he has been stationed since 2008. While Maria testified Donovan told her he planned to return to Texas after he retired from the military, Donovan testified he has never planned to return to Texas. Even if the trial court had found the disputed testimony as to Donovan's intent in favor of Maria, such intent is not enough to establish Texas as Donovan's residence when not accompanied by an act showing such intent. *See Wilson*, 189 S.W.2d at 213. The only act Maria relies on is Donovan's designation of Texas as his residence on his leave and earnings statement, which we find is not a sufficient act by itself to establish residence in this case. *See In re Barnes*, 127 S.W.3d 843, 849 (Tex. App.—San Antonio 2003, orig. proceeding) (holding the designation of Texas as the state of residence during military service was insufficient to establish sufficient minimum contacts when Barnes never resided in Texas and only had slight contact with Texas); *Phillips v. Phillips*, 826 S.W.2d 746, 748 (Tex. App.—Houston [14th Dist.] 1992, no writ) (providing the designation of a particular state as the state of residence during government service does not require a finding that the designated state is in fact the state of the party's residence for purposes of determining personal jurisdiction). Therefore, we conclude the residency requirements under section 6.301 were not met. *See* TEX. FAM. CODE ANN. § 6.301.

Typically, when the residency requirements under section 6.301 have not been met, the trial court abates the suit so that the residency requirements can be met. *See Cook v. Mayfield*, 886 S.W.2d 840, 841 (Tex. App.—Waco 1994, orig. proceeding); *see also Reynolds*, 86 S.W.3d 272 at 277. However, where, as here, the record contains no indication that either Maria or Donovan intends to move from Germany to Texas, abating the suit will not result in the residency requirements being met. Therefore, because neither party will ever meet the residency requirements, the impediment to the trial court going forward with the suit cannot be removed

and the suit should have been dismissed. *Cf. Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001) (holding that if the impediment to jurisdiction cannot be removed, then the suit must be dismissed); *Schwartz v. Ins. Co. of Penn.*, 274 S.W.3d 270, 273-74 (Tex. App.— Houston [1st Dist.] 2008, pet. denied). Accordingly, we conclude the trial court clearly abused its discretion by not dismissing the suit. Due to our ruling, we need not reach Donovan's remaining issues.

We next consider whether this case is appropriate for mandamus relief. The supreme court in *In re Prudential* held that review of significant rulings in exceptional cases may be essential to: (1) preserve a relator's substantive or procedural rights from impairment or loss; (2) allow appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in an appeal from a final judgment; and (3) prevent the waste of public and private resources invested into proceedings that would eventually be reversed. *In re Prudential*, 148 S.W.3d at 136. The supreme court mandated that when the benefits outweigh the detriments, we must consider whether the appellate remedy is adequate. *Id.* We do so by employing a balancing test to determine whether an adequate remedy on appeal exists. *See id.* at 135–37. Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances presented. *Id.* at 137.

In the case at hand, the divorce proceeding cannot be maintained in Texas, and any judgment would eventually be reversed on appeal. Furthermore, both parties live in Germany, neither have indicated they plan to move to Texas, and neither appears to have any connection to Texas other than the USAA bank account. Additionally, there was no evidence presented that there are any assets in Texas other than the USAA bank account, and nothing to indicate the bank account cannot be divided as part of the divorce in another state or in Germany. Due to the

exceptional nature of this case, we conclude Donovan lacks an adequate remedy by appeal and mandamus relief is warranted.

## CONCLUSION

Based on the foregoing analysis, we hold the trial court clearly abused its discretion in failing to dismiss divorce proceeding.  Accordingly, we conditionally grant the petition for writ of mandamus.


Phylis J. Speedlin, Justice