

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-16-00004-CV

## IN RE TROY PAUL

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

In this original proceeding, we are asked to determine whether the respondent, Judge William Bosworth of the 413th Judicial District Court, abused his discretion by making a finding that an informal marriage existed between relator Troy Paul and real party in interest Destiny Spillers and awarding $425,000 in interim attorney's fees. Because we believe that Destiny did not meet the ninety-day-residency requirement at the time she filed her counter-petition for divorce, we conclude that the respondent abused his discretion in entering the complained-of orders.  We therefore conditionally grant Troy's petition for writ of mandamus.[1]

_____

[1] All pending motions are dismissed as moot.

## I.   BACKGROUND

Destiny, a Texas resident, and Troy, an Oklahoma resident and owner of a multimillion dollar trucking business, began dating in August 2013, after meeting at a poker run—a race involving fast, expensive boats. Destiny alleged that she and Troy began living together at a house in Burleson, Johnson County, Texas, in September 2013. Destiny also asserted that she was informally married to Troy, calling several witnesses to satisfy her burden of making a prima facie case of an informal marriage. Troy and his witnesses denied that Destiny and Troy were married. In any event, Destiny later discovered that she was pregnant and believed that Troy is the father.

On June 3, 2015, Troy filed a petition to adjudicate parentage in Johnson County. On September 9, 2015, in a separate suit, Troy filed a first amended petition and application for temporary restraining order, temporary injunction, and permanent injunction addressing Destiny's usage of Troy's iPad. On September 16, 2015, Destiny answered Troy's petitions and filed a counter-petition for divorce, asserting that she and Troy had an informal marriage. Thereafter, Troy moved to consolidate all of the proceedings into one case in Johnson County. The trial court granted Troy's consolidation motion.

On October 15, 2015, the 413th District Court began a hearing to determine whether Destiny could make a prima facie case for informal marriage. At the hearing, Destiny was repeatedly asked about her residence—namely, whether she had lived in

Johnson County ninety days prior to filing for divorce. Troy insisted that Destiny did not meet the ninety-day residency requirement because she lived with her mother in Tarrant County at the time she filed for divorce. Troy moved to dismiss Destiny's counter-petition for divorce; however, this motion was denied.

On November 13, 2015, the trial court resumed the hearing on the informal marriage. At the conclusion of the hearing, the trial court concluded that Destiny had made a prima-facie showing of informal marriage and, after a subsequent hearing on December 21, 2015, issued temporary orders requiring Troy to pay $425,000 in interim attorney's fees by January 2, 2016. Troy filed a mandamus petition and an emergency motion to stay the execution of the temporary orders in this Court. We stayed the enforcement of the trial court's temporary orders pertaining to the attorney's fees.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is "no adequate remedy by appeal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citations omitted). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* (citations omitted). In addition, a trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839.

Regarding the resolution of factual issues or matters committed to the trial court's discretion, relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 839-40. We cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable, even if we would have decided the issue differently. *Id.* at 840.

With respect to the "adequate remedy by appeal" prong, the Texas Supreme Court has noted that the operative word, "adequate," does not have a comprehensive definition. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. "Instead, it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. *In re Reynolds*, 369 S.W.3d 638, 646 (Tex. App.—Tyler 2012, orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). "These considerations include both public and private interests, and the determination is practical and prudential rather than abstract or formulaic." *Id.* (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). Therefore, an appellate remedy may be inadequate when the benefits to mandamus review outweigh the detriments. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462, 468-69 (Tex. 2008) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "Mandamus will not issue when the law provides another, plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006).

### III. RESIDENCY REQUIREMENTS FOR DIVORCE PROCEEDINGS

In his first issue, Troy contends that the trial court abused its discretion in refusing to dismiss Destiny's divorce petition because she did not meet the ninety-day residency requirement outlined in section 6.301 of the Family Code. *See* TEX. FAM. CODE ANN. § 6.301 (West 2006). We agree that Destiny did not meet the residency requirements before filing her divorce petition.

Section 6.301 of the Family Code provides the following:

> A suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been:
>
> (1) a domiciliary of this state for the preceding six-month period; and
>
> (2) a resident of the county in which the suit is filed for the preceding 90-day period.

*Id.* Numerous courts have held that this section is not jurisdictional, but it controls a petitioner's right to sue for divorce; in other words, it is a mandatory requirement that cannot be waived. *See In re Milton*, 420 S.W.3d 245, 252 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding); *In re Green*, 385 S.W.3d 665, 668 (Tex. App.—San Antonio 2012, orig. proceeding) ("Although section 6.301 is not itself jurisdictional, it is akin to a jurisdictional provision because it controls a party's right to maintain suit for divorce and is a mandatory requirement that cannot be waived."); *Reynolds v. Reynolds*, 86 S.W.3d 272, 276 (Tex. App.—Austin 2002, no pet.); *McCaskill v. McCaskill*, 761 S.W.2d 470, 473 (Tex. App.—Corpus Christi 1988, writ denied) ("Though not jurisdictional, the residency

requirement protects the interests of the State as well as the parties, and cannot be waived by the parties."); *see also In re Marriage of Lai*, 333 S.W.3d 645, 648 (Tex. App.—Dallas 2009, orig. proceeding) (holding that a trial court cannot maintain a suit for divorce unless the residency requirements are met). "Residency must be established as of the date the suit for divorce is filed; it is not enough that ninety days of residency will pass during the pendency of the divorce proceeding." *In re Milton*, 420 S.W.3d at 252 (citing *In re Rowe*, 182 S.W.3d 424, 426 (Tex. App.—Eastland 2005, orig. proceeding)). "The public policy behind these requirements is to prevent forum shopping by divorce litigants." *Id.* (citing *Reynolds*, 86 S.W.3d at 277).

Moreover, Texas courts have noted that when the residency requirements are not met, the trial court should abate the suit so that either the petitioner or the respondent can meet the residency requirements. *Id.* (citing *In re Green*, 385 S.W.3d at 670; *Reynolds*, 86 S.W.3d at 277 ("The failure of the divorce petition to properly allege residency renders the suit subject to abatement.")). "When, however, the record indicates that neither party intends to reside in the county of suit, abating the suit will not cure a failure to meet the residency requirements." *Id.* (citing *In re Green*, 385 S.W.3d at 670 ("Because neither party will ever meet the residency requirements, the impediment to the trial court going forward with the suit cannot be removed[,]" and dismissal is the proper remedy)).

Here, the evidence adduced at the October 15, 2015 hearing demonstrates that Destiny did not live in Johnson County at the time she filed her counter-petition for

divorce or for the ninety days preceding the filing. Specifically, Destiny testified that she moved in with her mother in Fort Worth on June 1, 2015, and that she continued to live in Fort Worth until the October 15, 2015 hearing.[2] However, on September 23, 2015, Destiny filed her counter-petition for divorce in Johnson County, despite still residing in Tarrant County. Because Destiny did not live in Johnson County at the time she filed her counter-petition for divorce or in the ninety days preceding the filing, and because the record indicates that Troy lived in Oklahoma at the time the divorce petition was filed, we conclude that the trial court abused its discretion in determining that the ninety-day residency requirements were met.[3] *See* TEX. FAM. CODE ANN. § 6.301; *In re Milton*, 420

---

[2] We judicially notice that the City of Fort Worth is in Tarrant County, not Johnson County. *See* Tarrant County, Texas: About Tarrant County, http://access.tarrantcounty.com/en/county/about-tarrant.html (last visited Apr. 7, 2016); *see also* TEX. R. EVID. 201.

[3] In her response to Troy's mandamus petition, Destiny asserts that Troy judicially admitted in his first amended petition and application for temporary restraining order, temporary injunction, and permanent injunction that venue was proper in Johnson County. Specifically, in this pleading that was filed before Destiny's counter-petition for divorce, Troy alleged that venue is proper in Johnson County because Destiny "is an individual resident and citizen of, and physically present within Johnson County, Texas . . . ." However, the record indicates that Destiny generally denied Troy's allegations and that Destiny unequivocally testified at the October 15, 2015 hearing that she lived in Fort Worth at the time she filed her September 23, 2015 counter-petition for divorce and at least ninety days preceding the filing of her divorce petition. *See Collin County Dist. Attorney's Office v. Fournier*, 453 S.W.3d 536, 541 (Tex. App.—Dallas 2014, no pet.) ("'[T]he law is well-settled that a party's pleadings are not evidence of the facts alleged therein.'" (quoting *NBS S., Inc. v. Mail Box, Inc.*, 772 S.W.2d 470, 471-72 (Tex. App.—Dallas 1989, writ denied))); *see also Tex. Dep't of Pub. Safety v. Borhani*, No. 03-08-00142-CV, 2008 Tex. App. LEXIS 7509, at *10 (Tex. App.—Austin Oct. 3, 2008, no pet.) (mem. op.) ("The allegations alone in a verified petition, after being put in issue by a general denial, do not constitute proof of those allegations."). As such, we are not persuaded by Destiny's argument that Troy judicially admitted that venue was proper in Johnson County at the time Destiny filed her counter-petition for divorce.

Additionally, we are not persuaded by Troy's argument that Destiny's divorce petition should be dismissed for failure to meet the residency requirements. At the November 13, 2015 hearing, Destiny testified that it is her intention to stay in Burleson, Johnson County, Texas, and that Burleson is where she calls home. As stated earlier, dismissal of a divorce petition for failure to meet the residency requirements

S.W.3d at 252; *In re Green*, 385 S.W.3d at 668; *In re Marriage of Lai*, 333 S.W.3d at 648; *Reynolds*, 86 S.W.3d at 276; *McCaskill*, 761 S.W.2d at 473; *see also Walker*, 827 S.W.2d at 839-40.

### IV.    AVAILABILITY OF MANDAMUS RELIEF

The Texas Supreme Court, in *In re Prudential*, held that review of significant rulings in exceptional cases may be essential to: (1) preserve a relator's substantive or procedural rights from impairment or loss; (2) allow appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in an appeal from a final judgment; and (3) prevent the waste of public and private resources invested into proceedings that would eventually be reversed. *See* 148 S.W.3d at 136; *see also In re Green*, 385 S.W.3d at 671. The Texas Supreme Court mandated that when the benefits outweigh the detriments, we must consider whether the appellate remedy is adequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. To do so, we employ a balancing test to determine whether an adequate remedy on appeal exists. *Id.* at 135-37. "Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances presented." *In re Green*, 385 S.W.3d at 671 (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137).

---

is proper when neither the petitioner nor the respondent in a divorce action will ever meet the residency requirements. *See In re Green*, 385 S.W.3d 665, 670 (Tex. App.—San Antonio 2012, orig. proceeding). We leave the factual question of whether Destiny ever intends to live in Johnson County for the requisite period for determination by a fact finder. Accordingly, we believe that abatement of the underlying divorce proceeding to determine if the residency requirements will ever be met is the more appropriate action. *See id.*; *see also Reynolds v. Reynolds*, 86 S.W.3d 272, 277 (Tex. App.—Austin 2002, no pet.).

As previously stated, the record clearly demonstrates that Destiny lived in Tarrant County at the time she filed her divorce petition and for at least ninety days preceding the filing. Moreover, it is undisputed that Troy did not live in Johnson County at the time Destiny filed her divorce petition. Thus, the record does not indicate that the ninety-day residency requirements were satisfied in this case. Accordingly, because section 6.301 of the Family Code is mandatory and cannot be waived, any judgment in this case would eventually be reversed and, thus, amount to a waste of public and private resources invested into the proceedings. *See* TEX. FAM. CODE ANN. § 6.301; *In re Milton*, 420 S.W.3d at 252; *In re Green*, 385 S.W.3d at 668; *In re Marriage of Lai*, 333 S.W.3d at 648; *Reynolds*, 86 S.W.3d at 276; *McCaskill*, 761 S.W.2d at 473. We therefore conclude that a balancing of the benefits and detriments yields a finding that Troy lacks an adequate remedy by appeal and mandamus relief is warranted. *See id.*; *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136-37.

## V.  CONCLUSION

Based on the foregoing, we hold that the trial court abused its discretion in determining that the ninety-day residency requirements were met. Accordingly, we conditionally grant Troy's petition for writ of mandamus. Because the net effect of conditionally granting Troy's mandamus results in the vacatur of the trial court's informal-marriage finding and interim attorney's fees award, we express no opinion

regarding Troy's other arguments in his mandamus petition.  *See, e.g., In re Milton*, 420

S.W.3d at 255.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Conditionally granted
Opinion delivered and filed May 5, 2016
[OT06]

