

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-16-00359-CV

## IN RE TROY PAUL

---

## Original Proceeding

---

## MEMORANDUM OPINION

---

A suit for divorce may not be maintained in this state unless *at the time the suit is filed* either the petitioner or the respondent has been:

(1) a domiciliary of this state for the preceding six-month period; and

(2) a resident of the county in which the suit is filed for the preceding 90-day period.

TEX. FAM. CODE ANN. § 6.301 (West 2006) (emphasis added).

For a second time, we are asked to determine whether the respondent, Judge William Bosworth of the 413th Judicial District Court, abused his discretion by finding that an informal marriage existed between relator Troy Paul and real party in interest Destiny Spillers and awarding interim attorney's fees to Destiny from Troy. *See generally In re*

*Paul*, No. 10-16-00004-CV, 2016 Tex. App. LEXIS 4766 (Tex. App.—Waco May 5, 2016, orig. proceeding) (mem. op.). At issue in the first mandamus was the trial court's award of $425,000 in interim attorney's fees to Destiny; however, the trial court has since awarded Destiny an additional $331,000 in interim attorney's fees, for a sum total of $756,000. *See id.* at *3. In the first mandamus, we concluded that the record evidence failed to establish that Destiny had met the ninety-day-residency requirement of section 6.301 of the Family Code at the time she filed her counter-petition for divorce. *See id.* at *7. Despite more than three-quarters of a million dollars in interim attorney's fees awarded, we once again conclude that Destiny has not satisfied the residency requirement of section 6.301 because the mandamus record does not show that she has filed an amended divorce petition after establishing residence in Johnson County for ninety days. We cannot get to the merits of any issue until the petitioner is properly before the trial court, and she is not yet there. Accordingly, we conclude that the respondent abused his discretion in entering the complained-of orders and, thus, conditionally grant Troy's petition for writ of mandamus.

## I.    BACKGROUND

Many of the underlying facts in this dispute were recited in the first mandamus. *See id.* at **1-3. After the issuance of our memorandum opinion in the first mandamus on

May 5, 2016, the trial court conducted a hearing on the residency requirement.[1] At the hearing on August 31, 2016, Destiny testified that she has rented a house on Vaden Avenue in Burleson, Texas, for ninety-one days before the hearing. Destiny confirmed that the house is located in Johnson County and that she intends to remain a resident of Johnson County. Despite this testimony, nothing in the mandamus record indicates that Destiny filed an amended divorce petition asserting that she now satisfies the ninety-day residency requirement of section 6.301 of the Family Code based on her lease of a house on Vaden Avenue. *See* TEX. FAM. CODE ANN. § 6.301. In any event, the trial court concluded that Destiny is a resident of Johnson County and that she satisfied the ninety-day residency requirement. At a later hearing on September 26, 2016, the trial court ordered that Troy pay to Destiny the original $425,000 in interim attorney's fees, as well as $331,000 in additional interim attorney's fees, for a sum total of $756,000 in interim attorney's fees. The trial court also ordered Troy to pay temporary spousal support to Destiny and reaffirmed its earlier finding that Destiny met her prima-facie burden of proving that an informal marriage existed between Troy and her. Thereafter, Troy filed a petition for writ of mandamus in this matter.

---

[1] The record reflects that Troy requested additional discovery regarding the residency issue; however, the trial court denied that request.

## II.  STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is "no adequate remedy by appeal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citations omitted). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* (citations omitted). In addition, a trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839. Regarding the resolution of factual issues or matters committed to the trial court's discretion, relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 839-40. We cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable, even if we would have decided the issue differently. *Id.* at 840.

With respect to the "adequate remedy by appeal" prong, the Texas Supreme Court has noted that the operative word, "adequate," does not have a comprehensive definition. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. "Instead, it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Reynolds*, 369 S.W.3d 638, 646 (Tex. App.—Tyler 2012, orig. proceeding) (citing *In re*

*Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). "These considerations include both public and private interests, and the determination is practical and prudential rather than abstract or formulaic." *Id.* (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). Therefore, an appellate remedy may be inadequate when the benefits to mandamus review outweigh the detriments. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462, 468-69 (Tex. 2008) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "Mandamus will not issue when the law provides another, plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006).

### III. ANALYSIS

In his seventh issue, Troy complains about the trial court's handling of the residency issue. As noted in the first mandamus and above, section 6.301 of the Family Code provides the following:

> A suit for divorce may not be maintained in this state unless *at the time the suit is filed* either the petitioner or the respondent has been:
>
> (3) a domiciliary of this state for the preceding six-month period; and
>
> (4) a resident of the county in which the suit is filed for the preceding 90-day period.

TEX. FAM. CODE ANN. § 6.301 (emphasis added). Numerous courts have held that section 6.301 is not jurisdictional, but it controls a petitioner's right to sue for divorce; in other words, it is a mandatory requirement that cannot be waived. *See In re Milton*, 420 S.W.3d

245, 252 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding); *In re Green*, 385 S.W.3d 665, 668 (Tex. App.—San Antonio 2012, orig. proceeding) ("Although section 6.301 is not itself jurisdictional, it is akin to a jurisdictional provision because it controls a party's right to maintain suit for divorce and is a mandatory requirement that cannot be waived."); *In re Marriage of Lai*, 333 S.W.3d 645, 648 (Tex. App.—Dallas 2009, orig. proceeding) (holding that a trial court cannot maintain a suit for divorce unless the residency requirements are met); *Reynolds v. Reynolds*, 86 S.W.3d 272, 276 (Tex. App.—Austin 2002, no pet.); *McCaskill v. McCaskill*, 761 S.W.2d 470, 473 (Tex. App.—Corpus Christi 1988, writ denied) ("Though not jurisdictional, the residency requirement protects the interests of the State as well as the parties, and cannot be waived by the parties."); *see also In re Paul*, 2016 Tex. App. LEXIS 4766, at *5. "*Residency must be established as of the date the suit for divorce is filed; it is not enough that ninety days of residency will pass during the pendency of the divorce proceeding.*" *In re Milton*, 420 S.W.3d at 252 (citing *In re Rowe*, 182 S.W.3d 424, 426 (Tex. App.—Eastland 2005, orig. proceeding) (emphasis added)). "The public policy behind these requirements is to prevent forum shopping by divorce litigants." *Id.* (citing *Reynolds*, 86 S.W.3d at 277).

"However, because section 6.301 requires the residency requirements to be met 'at the time the suit is filed,' if the requirements are not met at the time of the original petition, the petitioner *must* file an amended petition to allow the suit to proceed." *Id.* at 266 (Keyes, J., dissenting) (citing TEX. FAM. CODE ANN. § 6.301; *In re Rowe*, 182 S.W.3d at 426) (stating that it is not enough that ninety days of residence in a county will pass

during the pendency of the proceeding) (emphasis in original); *see Hoffman v. Hoffman*, 821 S.W.2d 3, 5-6 (Tex. App.—Fort Worth 1992, no writ) (holding that the trial court should abate until the petitioner meets the residency requirements, at which point the petitioner may file an amended petition showing compliance with the requirements). "Thus, when the petitioner does not meet section 6.301's residency requirements at the time he files his original petition, an affirmative act from him is required to allow the case to proceed, even if he otherwise satisfies the ninety-day requirement during the pendency of the case." *In re Milton*, 420 S.W.3d at 266 (citing *In re Rowe*, 182 S.W.3d at 426); *see Hoffman*, 821 S.W.2d at 5-6.

Here, the mandamus record includes what appears to be Destiny's live pleading—her third amended original answer and counter-petition for divorce filed on November 23, 2015. In this filing, Destiny asserted that she "has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period." However, at the hearing conducted on August 31, 2016, Destiny testified that she signed the lease to the house on Vaden Avenue on May 31, 2016. And using this date, Destiny argued that she has met the ninety-day residency requirement. This is problematic because the mandamus record does not show that Destiny filed an amended petition for divorce ninety days after May 31, 2016—the date she allegedly established residency in Johnson County.

Because Destiny has not filed an amended petition for divorce ninety days after May 31, 2016, and because it is undisputed that Troy lives in Oklahoma and has no intent to ever reside in Johnson County, we conclude that the trial court abused its discretion in determining that Destiny satisfied the residency requirements of section 6.301. *See* TEX. FAM. CODE ANN. § 6.301; *In re Milton*, 420 S.W.3d at 252, 266; *In re Green*, 385 S.W.3d at 668; *In re Rowe*, 182 S.W.3d at 426. And as such, Destiny cannot maintain her suit for divorce until this deficiency is cured. *See In re Marriage of Lai*, 333 S.W.3d at 648.

## IV. AVAILABILITY OF MANDAMUS RELIEF

The Texas Supreme Court, in *In re Prudential*, held that review of significant rulings in exceptional cases may be essential to: (1) preserve a relator's substantive or procedural rights from impairment or loss; (2) allow appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in an appeal from a final judgment; and (3) prevent the waste of public and private resources invested into proceedings that would eventually be reversed. *See* 148 S.W.3d at 136; *see also In re Green*, 385 S.W.3d at 671. The Texas Supreme Court mandated that when the benefits outweigh the detriments, we must consider whether the appellate remedy is adequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. To do so, we employ a balancing test to determine whether an adequate remedy on appeal exists. *Id.* at 135-37. "Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on

the circumstances presented." *In re Green*, 385 S.W.3d at 671 (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137).

As previously stated, the record does not reflect that Destiny filed an amended petition for divorce ninety days after May 31, 2016. Additionally, it remains true that Troy does not live in Johnson County. Thus, the record still does not indicate that the ninety-day residency requirement of section 6.301 has been satisfied in this case. Accordingly, because section 6.301 of the Family Code is mandatory and cannot be waived, any judgment in this case would eventually be reversed and, thus, amount to a waste of public and private resources invested into the proceedings. *See* TEX. FAM. CODE ANN. § 6.301; *In re Milton*, 420 S.W.3d at 252; *In re Green*, 385 S.W.3d at 668; *In re Marriage of Lai*, 333 S.W.3d at 648; *Reynolds*, 86 S.W.3d at 276; *McCaskill*, 761 S.W.2d at 473. We therefore conclude that a balancing of the benefits and detriments yields a finding that Troy lacks an adequate remedy by appeal and mandamus relief is warranted. *See id.*; *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136-37.

## V. CONCLUSION

Based on the foregoing, we hold that the trial court abused its discretion in determining that the ninety-day residency requirement was met. Accordingly, we conditionally grant Troy's petition for writ of mandamus and lift our stay order of October 31, 2016. And because the net effect of conditionally granting Troy's mandamus results in the vacatur of the trial court's informal-marriage finding and interim attorney's

fees awards, we express no opinion regarding Troy's other arguments in his mandamus petition. *See, e.g., In re Milton*, 420 S.W.3d at 255.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Conditionally granted
Opinion delivered and filed May 3, 2017
[OT06]

