# NO. 12-17-00179-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *FRANCIS CHARLINE LEE-COLE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Francis Charline Lee-Cole filed this petition for writ of mandamus, contending that the trial court erred in failing to abate this divorce proceeding. We deny the petition for writ of mandamus.

## BACKGROUND

The underlying suit is a divorce proceeding between Francis and Perry Wayne Cole, the real party in interest. The suit was filed in Anderson County, Texas, [1] on February 27, 2017. In his original petition, Perry alleged that the parties were married on March 7, 2015, and ceased to live together as husband and wife on or about January 1, 2016. He stated in the petition that he had been a domiciliary of Texas for the preceding six month period, and a resident of Anderson County for the preceding ninety day period. Francis responded by filing a plea in abatement, alleging that Perry had not met the dual requirements of being both a domiciliary of Texas for six months or a resident of Anderson County for ninety days prior to filing the divorce petition.

The trial court held a hearing on Francis's plea in abatement on April 17, 2017. At the hearing, Francis testified that Perry had lived in Georgia from April 2016 until December 2016. She stated that she filed a missing persons report with law enforcement on August 14, 2016.

---

[1] The respondent is the Honorable R. Scott McKee, Judge of the 392nd Judicial District Court of Henderson County, Texas, sitting for the Honorable Mark A. Calhoon, Judge of the 3rd Judicial District Court of Anderson County, Texas.

Two days later, she was notified that Perry had been located in Acworth, Georgia. Perry testified that he had indeed gone to Georgia in August of 2016, in an attempt to get away from Francis. He testified that while he was there he worked for five days as a temporary employee for Express Services, Inc., and lived in a motel. Afterwards, he returned to his home at 607 Variah Street, Palestine, Texas. Perry introduced into evidence his 2016 W-2 statement showing that he had earned $402 in wages from Express Services, Inc.

However, Francis testified that in October 2016, she leased a home at 1875 Bluebonnet Drive in Rockwall, Texas. She stated that both she and Perry were listed as tenants. Francis testified that Perry "came back [from Georgia] physically and lived with [her] in December" 2016 at the Rockwall address. She acknowledged that she moved from the Rockwall address on January 4, 2017. Perry testified that his name was on the Rockwall lease because of Francis's bad credit, and stated that she would not have been able to rent the house unless he had signed the lease. Moreover, he said, he signed the lease electronically, i.e., by email. Perry also stated that he visited Francis for three days around Christmas 2016, with his son. He further testified that he resided at the 607 Variah Street address in December 2016. According to Perry, he had not resided with Francis during any period from August 2016 until February 2017.

Nonetheless, Francis's counsel questioned Perry about a notice sent to him by the Internal Revenue Service at an address in Flint, Smith County, Texas. Perry testified that this address was a property owned by his mother, and that he had resided at that address in 2013 or 2014 while taking care of her. However, he testified, he had lived with both his mother and grandmother at the 607 Variah Street address since August 2016. Perry also introduced into evidence a driver's license issued by the Texas Department of Public Safety on January 3, 2017, showing his address to be the 607 Variah Street address. Finally, Perry testified that he had resided at the 607 Variah Street address at least six months prior to filing his divorce petition.

At the conclusion of the evidence, the trial court overruled Francis's plea in abatement, stating that it did not believe there was "any evidence that [Perry] intended to permanently reside in Georgia." However, Francis's counsel questioned the trial court as follows:

> FRANCIS'S COUNSEL: Well, on the ninety-day period. He filed on February 27th, and on the ninety-day period, January 4th—January 4th he was in Bluebonnet, they were moved out. That's not—

THE COURT: What I'm getting at is, even if I were to grant it, he would have overcome the obstacle to jurisdiction, but I think with the burden of proof, you had the burden of proof and I don't think you moved [sic] it that he intended to reside anywhere other than where he's residing. And so I'm going to overrule.

Following the hearing, the trial court entered the following order:

### ORDER OVERRULING MOTION TO ABATE

On the date indicated below came on for hearing before the Court the Motion to Abate ("the Motion") filed by [Francis] Charline Lee-Cole ("Movant"). The parties appeared in person and by counsel of record. The Court considered the motion, any timely responses filed thereto, the competent evidence, and all pleadings properly before the Court. The Court is of the opinion that the Motion should be overruled.

Therefore, it is ORDERED, ADJUDGED, and DECREED that Movant's Motion to Abate is hereby OVERRULED.

SIGNED this the 17th day of April, 2017.


/s/Judge R. Scott McKee


### RESIDENCY

In her first issue, Francis contends that the trial court abused its discretion by overruling her plea in abatement because Perry failed to meet the domiciliary and residency requirements for the suit to be filed in Anderson County, Texas. In her second issue, Francis argues that the trial court abused its discretion by denying her plea in abatement based on the trial court's assertion that Perry would have met the residency requirements in the future, and not at the time he filed the petition for divorce.

**Availability of Mandamus**

Mandamus relief is available when, under the circumstances of the case, the facts and law permit the trial court to make but one decision—and the trial court has refused to make that decision—and remedy by appeal to correct the ruling is inadequate. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987). Mandamus is allowed under the Texas Family Code under these circumstances. *See In re Knotts*, 62 SW.3d 922, 923 n.1 (Tex. App.—Texarkana 2001, orig. proceeding).

To be entitled to mandamus relief, Francis must establish a trial court clearly abused its discretion and she lacks an adequate remedy by appeal. *In re Green*, 385 S.W.3d 665, 668 (Tex. App.—San Antonio 2012, orig. proceeding) (*citing* **In re Prudential Ins. Co. of Am.**, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). An abuse of discretion with respect to factual matters occurs if the record establishes the trial court could reasonably have reached only one decision. *Id*. at 668-69 (citing **Walker v. Packer**, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

## Applicable Law

Under the Texas Family Code, a suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been: (1) a domiciliary of this state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding ninety day period. *See* TEX. FAM. CODE ANN. § 6.301 (West 2006) (entitled "General Residency Rule for Divorce Suit"). The issue of residency is a question of fact for the trial court, and its finding will not be disturbed absent an abuse of discretion. *In re Marriage of Lai*, 333 S.W.3d 645, 648 (Tex. App.—Dallas 2009, orig. proceeding). While the requirements of domicile and residence under section 6.301 are a fact issue for the trial court to determine, such findings will be reversed if there is a clear abuse of discretion. *In re Green*, 385 S.W.3d at 669.

Although the residency and domiciliary requirements are not jurisdictional, they are mandatory requirements for those seeking to maintain an action for divorce. *In re Marriage of Lai*, 333 S.W.3d at 648. The elements of residency are: (1) a fixed place of abode within the possession of the party; (2) occupied or intended to be occupied consistently over a substantial period of time; and (3) which is permanent rather than temporary. *In re S.D*., 980 S.W.2d 758, 760 (Tex. App.—San Antonio 1998, pet. denied) (citing **Snyder v. Pitts**, 150 Tex. 407, 241 S.W.2d 136, 140 (1951)). In meeting these requirements, Texas law is clear that the element of permanency is necessary before a party can be considered a resident of a particular county. *Id*. at 760-61. The term "residence" is an elastic one and is extremely difficult to define. *Mills v. Bartlett*, 377 S.W.2d 636, 637 (Tex. 1964). The meaning that must be given to it depends upon the circumstances surrounding the person involved and largely depends upon the present intention of the individual. *Id*. Volition, intention and action are all elements to be considered in determining where a person resides and such elements are equally pertinent in denoting the

permanent residence or domicile. *Id*. In order to be a resident, there must be an intention to establish a permanent domicile or home, and the intention must be accompanied by some act done in the execution of the intent. *In re Green*, 385 S.W.3d at 669.

Moreover, section 6.301 requires a petitioner to establish residency before filing suit, as opposed to before receiving a divorce. *In re Rowe*, 182 S.W.3d 424, 426 (Tex. App.—Eastland 2005, orig. proceeding). In other words, residency must be established as of the date the suit is filed. *Id.* It is not enough that ninety days of residency will pass during the pendency of the divorce proceeding. *In re Milton*, 420 S.W.3d 245, 252 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding).

**Analysis**

Regarding Francis's first issue, there was conflicting evidence between Francis and Perry regarding Perry's domicile and residency in Anderson County. According to Francis, Perry moved to Georgia in August 2016, signed a lease as a tenant on a house in Rockwall, Texas, in October 2016, and lived with her at the Rockwall address in December 2016. Perry, however, testified that he lived temporarily in a motel in Georgia, worked for only five days, and returned to his residence at the 607 Variah Street address in Palestine. He stated that he lived at the 607 Variah Street address from August 2016 until filing the divorce petition. He denied ever living at the Rockwall address with Francis.

The trier of fact has several alternatives available when presented with conflicting evidence. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). It may believe one witness and disbelieve others. *Id*. It may also resolve inconsistencies and the testimony of any witness. *Id*. The trial court could believe Perry's testimony and evidence that he had lived at 607 Variah Street in Palestine from August 27, 2016 until February 27, 2017, and that he intended that address to be his permanent residence. *See Bartlett*, 377 S.W.3d at 637. Therefore, there is evidence in the record to support the trial court's ruling.

Regarding Francis's second issue, the trial court unequivocally stated that Francis did not overcome her burden of proof that Perry intended to reside anywhere other than the 607 Variah Street address. The trial court did not appear to suggest that Perry did not meet the residency requirements at the time he filed the petition nor that he based his decision on Perry meeting the residency requirements in the future. *See In re Rowe*, 182 S.W.3d at 426. Thus, the evidence does not support Francis's contention.

Accordingly, we hold that the evidence did not require the trial court to make but one decision and as such, Francis is not entitled to mandamus relief. *See Proffer*, 734 S.W.2d at 673. Further, we hold that the trial court did not abuse its discretion in denying Francis's plea in abatement. *See In re Green*, 385 S.W.3d at 668-69.

## DISPOSITION

For the reasons stated above, we *deny* Relator's petition for writ of mandamus.

JAMES T. WORTHEN
Chief Justice

Opinion delivered July 19, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 19, 2017**

**NO. 12-17-00179-CV**

**FRANCIS CHARLINE LEE-COLE,**
Relator
V.
**HON. R. SCOTT MCKEE,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **FRANCIS CHARLINE LEE-COLE**, who is the relator in Cause No. DCCV17-103-3, pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on June 6, 2017, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*