**Opinion issued September 29, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-19-00349-CV**

————————————

**ZIAUNNISA K. LODHI, Appellant**

**V.**

**SHAH A. HAQUE, Appellee**

---

**On Appeal from the 507th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-03243**

---

## MEMORANDUM OPINION

Appellant, Ziaunnisa K. Lodhi, proceeding pro se, appeals from the trial court's order dismissing her case for want of prosecution. In two issues, Lodhi contends that the trial court erred in dismissing her petition for divorce and in

denying her motion to reinstate. Because the issues before us are moot, we dismiss the appeal.

## Background

This is a divorce case with a tortured history. In 2013, Lodhi married appellee, Shah A. Haque, in New York. *See Lodhi v. Haque*, No. 04-18-00917-CV, 2019 WL 5765787, at *1 (Tex. App.—San Antonio Nov. 6, 2019, pet. denied) (mem. op.). In 2015, Haque filed for divorce in DeWitt County, Texas, and the case was later transferred to Harris County, where it was dismissed on February 14, 2017. *Id.* Subsequently, Haque filed for divorce in Alaska, and Lodhi filed for divorce in New York. *Id.* Eventually, those cases were dismissed. *Id.* On March 8, 2017, Lodhi filed a petition for divorce in Bexar County. *Id.* And, on October 5, 2017, Haque filed a counter-petition for divorce. *Id.* On November 30, 2017, Lodhi moved to dismiss her petition for divorce, asserting that neither she nor Haque had met the 90-day residency requirement.[1] *Id.* Haque, whose own counter-petition for divorce

---

[1]   A suit for divorce may not be maintained in this state unless, at the time the suit is filed, either the petitioner or the respondent has been: (1) a domiciliary of this state for the preceding six-month period and (2) a resident of the county in which the suit is filed for the preceding 90-day period. TEX. FAM. CODE § 6.301. "Although section 6.301 is not itself jurisdictional, it is akin to a jurisdictional provision because it controls a party's right to maintain a suit for divorce and is a mandatory requirement that cannot be waived." *In re Green*, 385 S.W.3d 665, 669 (Tex. App.—San Antonio 2012, orig. proceeding).

remained pending, opposed the motion. *Id.* On December 14, 2017, the Bexar County trial court denied Lodhi's motion to dismiss. *Id.* at *2.

On January 18, 2018, while the matter was pending in Bexar County, Lodhi, proceeding pro se, filed the instant petition for divorce in the 507th District Court of Harris County. On February 23, 2018, Lodhi again moved to dismiss the case in Bexar County, arguing that the Bexar County court "did not have 'dominant jurisdiction,' even though the Bexar County case was the first-filed case as compared to the recently filed Harris County case." *Id.* Lodhi also nonsuited her petition for divorce in Bexar County. *Id.* At a March 29, 2018 hearing in Bexar County on Lodhi's motion to dismiss, Lodhi stipulated that Haque had lived in Bexar County for over 90 days. *Id.* And, the Bexar County trial court denied Lodhi's motion to dismiss. *Id.* Haque filed a third amended counter-petition in the Bexar County case.

Lodhi, having previously nonsuited her claims, then filed a new petition for divorce in the Bexar County trial court, and, on April 30, 2018, Haque filed a fourth amended counter-petition. *Id.* at *3. On May 29, 2018, after a three-day trial, the Bexar County trial court rendered a divorce. After the Bexar County trial court issued a written final decree, Lodhi appealed the decree to the Fourth Court of Appeals, asserting that the trial court erred by rendering a decree because Harris County had dominant jurisdiction over the parties' divorce. *See id.* at *3.

On June 11, 2018, Lodhi filed a Plea in Abatement in the instant case in Harris County, asserting that the Bexar County trial court lacked jurisdiction to render the divorce because the parties did not meet the county residency requirement. She asked the Harris County trial court to abate the case filed there until the jurisdictional matters were concluded. On February 4, 2019, the Harris County trial court dismissed the case for want of prosecution. After a hearing, the trial court denied Lodhi's motion to reinstate the case. Lodhi appeals the trial court's dismissal of her case and its denial of her motion to reinstate.

## Jurisdiction

As a threshold matter, "courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cty*., 369 S.W.3d 137, 166–67 (Tex. 2012). Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "If a controversy ceases to exist—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). The same is true if an appellate court's judgment cannot have any practical legal effect upon a then existing

4

controversy. *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) ("An appeal is moot when a court's action on the merits cannot affect the rights of the parties.").

On November 6, 2019, after Lodhi filed her appellant's brief in the instant appeal, the Fourth Court of Appeals affirmed the final decree issued in Bexar County. This Court sent notice to Lodhi of its intent to dismiss the appeal for lack of jurisdiction, noting that, because it appeared that she was already the subject of a final divorce decree in Bexar County, this Court could have no practical legal effect on her petition for divorce in Harris County and it appeared that her appeal is moot. Lodhi filed a response, asserting that the appeal is not moot because she filed a petition for review of the Fourth Court's decision in the Texas Supreme Court, which was pending. The Texas Supreme Court has denied Lodhi's petition for review.

Because a judgment of this court would have no practical legal effect upon an existing controversy, we conclude that Lodhi's appeal of the trial court's order dismissing her petition for divorce is moot. *See Zipp*, 218 S.W.3d at 73. Accordingly, we hold that we do not have jurisdiction to consider the appeal. *See Jones*, 1 S.W.3d at 86 (appellate courts lack jurisdiction to decide moot controversies and render advisory opinions).

5

## Conclusion

Because the issues before us are moot, we dismiss the appeal for lack of jurisdiction.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Lloyd and Countiss.