In the Matter of the MARRIAGE OF Steve LAI and Choo Lay Wah and In the Interest of L.L. and B.L., Minor Children.

In re Steve Lai, Relator.

No. 05–08–00727–CV.

Court of Appeals of Texas, Dallas.

July 21, 2009.

Brian S. Loughmiller, Loughmiller & Higgins, Barry Keith Gore, McKinney, TX, for Appellant.

Choo Lay Wah, pro se.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion By Justice MORRIS.

In this consolidated proceeding, Steve Lai filed a petition for writ of mandamus and an appeal complaining about the trial court's order sustaining his wife Choo Lay Wah's special appearance and plea to the jurisdiction in his divorce action. In addition to dismissing the case, the trial court granted Wah immediate custody of the couple's children and ordered Lai to surrender to Wah certain personal property. Lai challenges the trial court's dismissal as well as the custody and property orders. For the reasons that follow, we vacate the

portions of the trial court's order addressing custody and property disposition. We affirm the order in all other respects. We dismiss the writ of mandamus.

## I.

Lai is a United States citizen who was born in Taiwan. Wah was born in Singapore and is not a citizen of the United States. Lai and Wah married in Las Vegas, Nevada in 1997. They were living in Beijing, China at the time of their marriage. The couple have two children, L.L. and B.L., who were born in Singapore in 1999 and 2001 respectively. In June 2001, Lai accepted employment with a Texas company and the family moved from Singapore to Plano, Texas, where they purchased a home. In January 2004, Lai became the company's regional sales director in the Republic of China and the family moved to Shanghai, China. They bought a home in Shanghai in September 2004. Two years later, Lai and Wah began having marital problems. On March 10, 2008, Lai resigned his position, removed the children from their school in Shanghai, and brought them to the United States without Wah's knowledge or consent. Wah was informed of the children's location on March 23, 2008 after they arrived in San Francisco. Lai and the children moved to Plano, Texas on March 24, 2008.

Lai filed his second amended petition for divorce on April 29, 2008.[1] In addition to seeking divorce on the grounds of insupportability, Lai requested a just division of the parties' community estate and orders for conservatorship, possession, and support of the children. The petition alternatively requested the trial court to exercise temporary emergency jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Wah filed a special appearance, plea to the jurisdiction, and a request for the court to decline jurisdiction and dismiss the lawsuit. At the hearing on her motion, Wah orally requested the trial court to exercise its temporary emergency jurisdiction and award her immediate custody of the children, their belongings, passports, and birth certificates. She also asked the trial court to order Lai to return her green card, social security card, and jewelry.

The trial court signed an order on May 1, 2008 dismissing the proceeding finding that neither Wah nor Lai were domiciliaries of Texas for six months or residents of Collin County for the ninety days preceding the filing of the divorce action. The trial court also declined to exercise jurisdiction in accordance with section 152.208 of the family code. After dismissing the case, however, the trial court went on to award immediate custody of the children, their belongings, passports, birth certificates, and personal effects to Wah. The trial court also ordered Lai to immediately surrender to Wah her green card, social security card, and jewelry. Lai filed this appeal and petition for writ of mandamus, which we consolidated. Lai contends (1) the evidence is legally and factually insufficient to support the trial court's finding that it lacked subject matter and personal jurisdiction; (2) the trial court erred in rendering the custody and property orders after declining jurisdiction; and (3) the custody and property disposition orders violated his due process rights.[2] Wah has not filed a brief or otherwise responded to these proceedings.

---

1. According to Lai's appellate brief, his original petition for divorce was filed on January 14, 2008. The original and first amended petition are not in the clerk's record. Lai's second amended petition is the live pleading.

2. Issues number 2 and 3 are presented in both the appeal and petition for writ of mandamus. Issue number 1 appears in only the appeal.

## II.

We begin our analysis with Lai's challenges to the trial court's dismissal of his case. Among other things, Lai challenges the trial court's finding that neither he nor Wah met the statutory requirements for maintaining a divorce action in Collin County. The issue of residency is a question of fact for the trial court, and its finding will not be disturbed absent an abuse of discretion. *Stallworth v. Stallworth*, 201 S.W.3d 338, 345 (Tex.App.-Dallas 2006, no pet.). Section 6.301 of the family code states that no suit for divorce shall be maintained unless, at the time the suit was filed, either the petitioner or respondent has been a domiciliary of this state for the preceding six-month period and a resident of the county where suit was filed for the preceding 90–day period. TEX. FAM.CODE ANN. § 6.301 (Vernon 2006). Although the residency and domiciliary requirements are not jurisdictional, they are mandatory requirements for those seeking to maintain an action for divorce. *See Reynolds v. Reynolds*, 86 S.W.3d 272, 276 (Tex.App.-Austin 2002, no pet.).

In his second amended petition, Lai claimed the couple have been domiciliaries and residents of Collin County since the summer of 2001, despite having lived in Shanghai, China from January 2004 through March 10, 2008. He further alleged the couple considered Collin County, Texas their residence and domicile and continued to list their house in Plano as their home address on federal income tax returns. In her special appearance and plea to the jurisdiction, Wah asserted that her and Lai's legal domicile was in Shanghai and not Texas.

At the hearing, Wah testified that since moving to China in 2004, the family has lived continually in Shanghai and that neither she nor Lai had been a domiciliary of Texas for the six months preceding Lai's filing for divorce or a resident of Collin County for the 90 days preceding Lai's filing for divorce. She stated the family has owned a home in Shanghai since September 2004 and the only school the children ever attended is in Shanghai. Wah indicated they had no family in Texas. Besides the Plano home they rented out while living in Shanghai, Wah noted their only connection to Texas was Lai's employer. According to Wah, Lai made short business trips to Dallas a couple of times a year. She and the children had not returned to Texas since moving to China in 2004. They visited Chicago about once a year where they would stay with Lai's family.

Lai testified that he moved from Plano to Shanghai in 2004 for his work. He stated his Shanghai assignment was temporary and based on an annual review assessing the needs of the company. The evidence showed the parties had only lived in Texas for the four years immediately preceding their move to Shanghai. Aside from Lai's employer and the house in Plano they rented out while living in Shanghai, the parties had no connections to Texas. Lai had been living in Plano for slightly over one month at the time he filed his second amended petition. Wah arrived in San Francisco from Shanghai only about two weeks before the May 1 hearing. Because there is some evidence that neither Lai nor Wah met the statutory residency requirements to maintain a suit for divorce, we conclude the trial court did not abuse its discretion in determining Lai could not bring a divorce action in Collin County. *See Stallworth*, 201 S.W.3d at 345. Our disposition of this issue makes it unnecessary to address Lai's challenges to the trial court's ruling on Wah's special appearance.

Lai contends that even if he did not satisfy the requirements of section 6.301 Collin County would still be the appropri-

ate forum to bring the custody action associated with his divorce proceeding.[3] In Texas, subject matter jurisdiction over child custody issues is exclusively governed by the UCCJEA. Tex. Fam.Code Ann. § 152.001–.317 (Vernon 2008).

■ Lai acknowledges Texas is not the children's home state as required for jurisdiction under the UCCJEA. Tex. Fam. Code Ann. § 152.201(a)(1). He summarily asserts that because China is not a viable forum, jurisdiction is proper in Collin County pursuant to sections 152.201(a)(2), (a)(3) or (a)(4).[4] As noted above, however, the trial court found that it was in the best interest of the children that the custody proceeding be dismissed and further declined to exercise jurisdiction over the children in accordance with section 152.208. In relevant part, section 152.208 provides that if a trial court obtains jurisdiction over the children because a person seeking to invoke its jurisdiction engaged in unjustifiable conduct, the court shall decline jurisdiction unless one of three exceptions are satisfied. *See* Tex. Fam.Code Ann. § 152.208. Lai has not challenged section 152.208 as a ground for the trial court's dismissal of the custody proceeding. Lai must attack all independent bases that fully support the trial court's complained-of ruling. *See University of Houston v. Barth,* 265 S.W.3d 607, 616 (Tex.App.-Hous. [1st Dist.] 2008, pet. filed). When an independent ground that supports the judgment is not challenged, we must affirm the trial court's judgment. *See id.* Because the trial court's dismissal of the custody proceeding is supportable under section 152.208, we must affirm the trial court's dismissal on this unchallenged ground. *See id.*

■ Lai also contends that by rendering the May 1 custody and property disposition orders the trial court exercised general jurisdiction over this matter. Lai cites no legal authority or analysis for this contention. Because Lai failed to adequately brief this complaint, he has waived this issue on appeal. *See* Tex.R.App. P. 38.1(i); *Devine v. Dallas County,* 130 S.W.3d 512, 513–14 (Tex.App.-Dallas 2004, no pet.). Moreover, his position directly contravenes the portions of the trial court's order expressly dismissing the case and declining jurisdiction pursuant to section 152.208.

■ Having concluded that the trial court did not err in dismissing Lai's lawsuit, we next address his challenges to the trial court's custody and property disposition orders. At the outset, we note that it is unclear on what authority the trial court relied to enter these orders after dismissing Lai's lawsuit. Wah had no written pleadings before the court requesting such relief. During closing arguments, however, Wah orally requested the trial court to exercise temporary emergency jurisdiction and award her immediate custody of the children, "their belongings ... and anything else that he may have in his possession that he has taken." Lai objected to the awarding of custody on the grounds that there was no written request for that relief in the trial court's file.

■ A trial court has temporary emergency jurisdiction if the children are present in this state and the children have been abandoned or it is necessary in an emergency to protect the children because the children are subjected to or threatened with mistreatment or abuse. Tex. Fam. Code Ann. § 152.204(a). The exercise of

---

3. The family code recognizes a trial court in a divorce proceeding may have authority over some portions of a suit and not others. *See* Tex. Fam.Code Ann. § 6.308.

4. Lai testified that divorce was not possible in China without agreement between the parties. He also indicated the family could not return to China to live because they no longer had the proper visas.

jurisdiction under section 152.204 is reserved for extraordinary circumstances. *Saavedra v. Schmidt*, 96 S.W.3d 533, 545 (Tex.App.-Austin 2002, no pet.). There is nothing in the record before us, however, that would support the trial court's exercise of temporary emergency jurisdiction. At the hearing, Wah requested custody of the children so she could take them back to China. There was no evidence the children had been abandoned or that there was an emergency situation where the children were subjected to or threatened with mistreatment or abuse by Lai. Instead, the evidence revealed the children were presently living with their father in Plano and attending school. Moreover, there is nothing in the record to link the court's order compelling the return of certain documents and property to Wah with the children's protection. Accordingly, section 152.204 did not provide the subject matter jurisdiction necessary for the trial court to render the custody and property disposition orders.

The only other arguable authority for the trial court's custody and property disposition orders is set forth in section 152.208 of the family code. A trial court who has declined jurisdiction under this section may "fashion an appropriate remedy to ensure the safety of the child and prevent a repetition of unjustifiable conduct, including staying the proceeding until a child custody proceeding is commenced in a court having jurisdiction under Sections 152.201 through 152.203." The trial court's order, however, unconditionally awards immediate and indefinite custody of the children to Wah without regard to Lai's parental rights. The trial court further awarded Wah certain documents and personal property, including the children's belongings and unidentified jewelry. As noted above, the record before us contains no evidence that the custody award or property disposition was necessary to ensure the safety of the children or to prevent a repetition of unjustifiable conduct. Wah requested custody of the children merely so that she could return with them to China. In the circumstances presented, we conclude section 152.208 did not provide the trial court with the authority to render the orders relating to child custody and disposition of property after dismissing Lai's petition for divorce. In light of our conclusion that the trial court lacked the authority to render the custody and property disposition orders, we need not address Lai's due process complaints with respect to these orders.

We vacate those portions of the May 1 order (1) awarding Wah immediate custody of the children and their belongings, including passports, birth certificates, and personal effects and (2) ordering Lai to surrender to Wah her green card, social security card, and her jewelry. We affirm the trial court's order in all other respects. We dismiss the writ of mandamus.