ACCEPTED
05-23-00457-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/11/2024 2:57 PM
RUBEN MORIN
CLERK

Case No.: <u>05-23-00457-CV</u>

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/11/2024 2:57:05 PM
Ruben Morin
Clerk

# In the Fifth Court of Appeals for the State of Texas

---

**JANA S. BOYD,**
**PETITIONER/APPELLANT**

v.

**ALEXANDER DAVIDOVICH,**
**RESPONDENT/APPELLEE**

---

Appealed from the 470th District Court, Collin County, Texas in trial court cause number 470-50338-2023, the Honorable Brook Fulks presiding.

# Appellant's Reply Brief

---

**Niles Illich**
Palmer Perlstein
15455 Dallas Parkway
Suite 540
Addison, Texas 75001
Direct: 972-204-5452
Facsimile: 214-922-9900
Email: Niles@palmerperlstein.com
**Counsel for Appellant**

**Oral Argument Requested**.

# Contents

TABLE OF AUTHORITIES ......................................................................... iii

ARGUMENT ............................................................................................5

APPELLEE'S STATEMENT OF FACTS...........................................................5

FINDINGS OF FACT AND CONCLUSIONS OF LAW .......................................6

HUSBAND'S JUDICIAL ADMISSION..............................................................7

HUSBAND AND WIFE SATISFIED THE RESIDENCY AND DOMICILE REQUIREMENTS FOR DIVORCE IN COLLIN COUNTY.........................................................................8

JURISDICTION OVER HUSBAND ................................................................9

THE TRIAL COURT SHOULD HAVE ABATED THE CASE NOT DISMISSED IT ...............10

PRAYER AND CONCLUSION .....................................................................12

CERTIFICATE OF SERVICE.......................................................................12

CERTIFICATE OF COMPLIANCE ................................................................13

**CASES**

*Am. Motorists Ins. v. Fodge*,
    63 S.W.3d 801 (Tex. 2001) ................................................................................ 11

*Balbuena v. Balbuena ex rel. Balbuena*,
    2002 WL 31646678 (Tex. App.—Dallas Nov. 25, 2002, no pet.) ................... 8

*In re Marriage of Lai*,
    333 S.W.3d 645 (Tex.App.–Dallas 2009, no pet.) ......................................... 9

*In re Swart*,
    581 S.W.3d 844 (Tex. App.—Dallas 2019, no pet.) ...................................... 11

*Thompson & Knight LLP v. Patriot Expl., LLC*,
    444 S.W.3d 157 (Tex. App.—Dallas 2014, no pet.) ....................................... 6

**STATE RULES**

Texas Appellate Court Procedure
    Rule 9.4 ........................................................................................................... 13

Texas Civil Procedure
    Rule 120a........................................................................................................... 9

Case No.: <u>05-23-00457-CV</u>

_____

# In the Fifth Court of Appeals for the State of Texas

---

**JANA S. BOYD,**
**PETITIONER/APPELLANT**

**v.**

**ALEXANDER DAVIDOVICH,**
**RESPONDENT/APPELLEE.**

---

**To the Honorable Justices of the Fifth Court of Appeals:**

Jana S. Boyd, Appellant, presents this reply brief.

ARGUMENT

APPELLEE'S STATEMENT OF FACTS

Appellant and Appellee generally agree on the background facts.

Husband and Wife agree that their home flooded on December 5, 2022, and the next day Husband filed for divorce from Wife. 2 RR 32, 57, 238. Appellant's brief, 20, Appellee's brief, 14. The only dispute comes from footnote one in Appellee's brief in which Husband contends he dropped the suit after "discussions with Husband elucidated that Husband was neither a resident nor domiciliary of Texas or Collin County." Appellee's brief, 14 n.1. Husband's explanation for why he non-suited his divorce in Collin County is not supported by the record, and Husband therefore does not cite to the record to support his claim.

Husband also neglects to acknowledge that his current firm, a firm with a reputation for diligence and excellence, filed the petition on December 6, 2022, and claimed that "Petitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period." 2 RR 283, 286. Husband's claim that he dismissed the suit after "discussions with Husband elucidated that Husband was neither a resident nor domiciliary of Texas or Collin County," would have more merit had the petition been filed pro-se or by a firm that did not focus on family law. But the petition was filed by a firm that focuses on

5

family law. Accordingly, Husband's effort to distance himself from his judicial confession in his petition from December 6, 2022, should not be persuasive.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Appellee contends that Appellant should have directed his challenge to the findings of fact and conclusions of law instead of the judgment. Appellee's brief, 20. But Appellant's first issues are:

- The trial court erred in dismissing Appellant's petition.

- The trial court erred by dismissing the case and not ordering an abatement. And,

- The trial court erred by admitting the record of flights into and out of the U.A.E. over objection.

Appellant's brief, v-vii.

Appellee relies on *Patriot Exploration, LLC*. Appellee's brief, 20. But *Patriot* is a legal sufficiency case—not a case based on the erroneous grant of a motion to dismiss. *Thompson & Knight LLP v. Patriot Expl., LLC*, 444 S.W.3d 157, 161-62 (Tex. App.—Dallas 2014, no pet.) ("In three issues, T & K contends there is no evidence of any prospective purchaser other than MexTex for an April 1, 2008 purchase and no evidence MexTex would have paid more in April than it actually paid in September; Scheig's opinion on damages is based on invalid assumptions

6

and constitutes no evidence; and Scheig used the wrong date for a hypothetical sale because the Title Gap was cured in May rather than July 2008."). Appellee also relies on *Charger Services* from El Paso. Appellee's brief, 20. But *Charger Services* is essentially the same as *Patriot*.

Further, to claim that Appellant's arguments do not attack the findings of fact and conclusions of law is disingenuous. Appellant's first argument is that she met the requirements for residency and domicile to file for divorce in Collin County. Appellant's brief, 25-58. Plainly this challenges the trial court's finding of fact and conclusion of law that Appellant was not a resident and was not domiciled in Texas.

Accordingly, Appellee's argument concerning the findings of fact and conclusions of law lacks merit.


## HUSBAND'S JUDICIAL ADMISSION

For Husband it is an inconvenient truth that he filed a petition with the trial court admitting to the residency and domicile requirements. Appellee's brief, 22-28. Husband seeks to distance himself by claiming that the statement "[Husband] has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period" is merely a quasi-admission. ROA.283, 286. Appellee's brief, 22.

Husband is, however, correct that counsel for Appellant did not object to the admission of evidence contrary to the judicially admitted fact. *Balbuena v. Balbuena ex rel. Balbuena*, No. 05-02-00459-CV, 2002 WL 31646678, at \*2 (Tex. App.— Dallas Nov. 25, 2002, no pet.) ("Appellant did not object to the testimony controverting the purported judicial admissions made by the Balbuena children. Consequently, we conclude appellant waived his "judicial admission" argument.").

## HUSBAND AND WIFE SATISFIED THE RESIDENCY AND DOMICILE REQUIREMENTS FOR DIVORCE IN COLLIN COUNTY

Appellant established that Husband and Wife met the requirements for residence and domicile for divorce in Collin County. Appellant's brief, 43-58. Appellant argued, "[a]s explained above, Husband and Wife satisfied the residency and domicile requirements for divorce in Texas." Appellant's brief, 55. This argument directly challenges the third and fourth findings of fact and conclusions of law.

Wife's first argument is that Husband and the trial court misunderstood the law about residency and that this misunderstanding constituted an abuse of discretion. Appellant's brief, 49-51. Husband redefined this issue as one of conflicting evidence, but the issue is that the trial court did not appreciate that the

residency requirements permit a person to have more than one residence. Appellant's brief, 49-51; Appellee's brief, 30.

Husband ignores Wife's argument that Husband could be subject to divorce in Texas instead of the U.A.E. under section 6.305 of the Family Code if Wife met the requirements for residency and domicile.

JURISDICTION OVER HUSBAND

Husband ignores the fact that the trial court addressed this case on a plea to the jurisdiction. Appellant's brief, 55. CR 25, 139, 477. Ultimately the trial court granted the "First Amended Plea to the Jurisdiction and Motion to Dismiss and for Sanctions." CR 139, 477.

The residency and domiciliary requirements are statutory and mandatory but are not jurisdictional. *In re Marriage of Lai*, 333 S.W.3d 645, 648 (Tex.App.–Dallas 2009, no pet.) ("Although the residency and domiciliary requirements are not jurisdictional, they are mandatory.").

Husband's jurisdictional argument is that he is not a resident of Collin County, Texas, or the United States. Instead, Father contends he is a resident of U.A.E. Husband, however, did not file a special appearance and instead simply filed a challenge to the trial court's jurisdiction. Husband had to file a special appearance or submit to the Court's jurisdiction. Tex. R. Civ. P. 120a. Husband could challenge

9

the statutory requirements for suit, but the not jurisdiction of the Court over Husband. Thus, if Husband challenged the jurisdiction over him as an alleged non-resident and the trial court granted that, then the trial court erred.

## THE TRIAL COURT SHOULD HAVE ABATED THE CASE NOT DISMISSED IT

Both parties agree that the general rule is abatement. Husband contends that abatement is not the right remedy because the evidence established neither party intended to reside in Texas.

The trial court's findings of fact and conclusions of law do not address whether the parties intended to reside in Texas to satisfy the residency and domicile requirements. The evidence established that Husband and Wife intend to reside in Texas. The evidence of fishing equipment, a multimillion-dollar home, etc. all supports a finding that abatement was possible.

Even during opening arguments, Husband's attorney argued "Alexander Davidovich can proceed immediately in Abu Dhabi but would have to wait months. to do anything here in Texas if the Court does grant their request for abatement. Thank you, Your Honor." 2 RR 15. This is an acknowledgment that the residency and domicile requirements could be met through an abatement.

Public policy would not be offended by abatement. Husband's attorney argued: "Literally, every husband in California will file here to get out of spousal

support and then request abatement to meet the residency requirements. The only appropriate remedy to prevent abuse of this judicial system is to dismiss this case, Your Honor." 2 RR 13. But this argument disregards the extraordinarily strong connections Husband and Wife have to Texas and that "every husband in California" does not have. These connections include owning a home in Texas, having cars registered in Texas, having personal property in Texas, etc. Accordingly, the argument that abatement would offend public policy lacks merit.

In *Swart*, a published opinion from this Court, the panel held:

> Typically, when the residency requirements under section 6.301 have not been met, the trial court abates the suit so that the residency requirements can be met by passage of time. *Cf. Am. Motorists Ins. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001). However, where, as here, the record does not support a contention that Morales intends to move to Texas, the impediment to the trial court's going forward cannot be removed by mere passage of time, and the suit should be dismissed. *Id*. (holding that if the impediment to jurisdiction cannot be removed, then the suit must be dismissed).

*In re Swart*, 581 S.W.3d 844, 850 (Tex. App.—Dallas 2019, no pet.) (orig. proceeding).

Here, Wife has the required personal connections to Texas that would allow her to meet the residency and domicile requirements (assuming she has not already met them). The trial court should have abated the case. Wife asks this Court to reverse the trial court's decision and to remand and decide again whether Wife has

now met the requirements for divorce in Texas. If she has then the divorce can go forward, if not then the case should be abated.

## PRAYER AND CONCLUSION

Wife asks this Court to vacate the trial court's judgment, to find Wife met the residency/domicile requirements, and remand this case for trial. Wife asks this Court for any other relief, including costs and attorney's fees, that she might be justly entitled to.

Respectfully submitted,

**NILES S. ILLICH**
*/S/ NILES ILLICH*

**PALMER PERLSTEIN**
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Direct: (972) 204-5452
Fax: (214) 922-9900
Email: Niles@palmerperlstein.com

## CERTIFICATE OF SERVICE

I certify that on March 11, 2024, that I delivered a true and correct copy of this brief via electronic commercial delivery to all parties of record.

/s/ Niles Illich
**Niles Illich**

## CERTIFICATE OF COMPLIANCE

This is to certify that this brief complies with Rule 9.4 of the Texas Rules of Appellate Procedure because it is computer generated and includes 2,002 words as counted by the word count feature included with Microsoft Word. This brief also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point Times New Roman font for the text and 12-point Times New Roman font for the footnotes.

/s/ Niles Illich
**Niles Illich**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lauren Lewison on behalf of Niles Illich
Bar No. 24069969
lauren@palmerperlstein.com
Envelope ID: 85423056
Filing Code Description: Other Brief
Filing Description: Appellant's Reply Brief
Status as of 3/11/2024 3:05 PM CST

Associated Case Party: JanaS.Boyd

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Niles Illich | | niles@palmerperlstein.com | 3/11/2024 2:57:05 PM | SENT |

Associated Case Party: Alexander Davidovich

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kelly McClure | | kmcclure@mcclure-lawgroup.com | 3/11/2024 2:57:05 PM | SENT |
| Francesca Blackard | | fblackard@mcclure-lawgroup.com | 3/11/2024 2:57:05 PM | SENT |
| Georganna Simpson | | gsimpson@mcclure-lawgroup.com | 3/11/2024 2:57:05 PM | SENT |
| Spencer Page | | spage@mcclure-lawgroup.com | 3/11/2024 2:57:05 PM | SENT |
| Allison Barrington | | abarrington@mcclure-lawgroup.com | 3/11/2024 2:57:05 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lauren Lewison | | lauren@palmerperlstein.com | 3/11/2024 2:57:05 PM | SENT |