**REVERSE and RENDER; and Opinion Filed September 17, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00853-CV

## IN THE INTEREST OF S.G.F. AND J.X.C., CHILDREN

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-22-06513**

## MEMORANDUM OPINION
Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

Appellant L.F. appeals the trial court's order granting S.C.'s petition for bill of review and motion to dismiss for lack of jurisdiction, both of which challenged a default divorce decree obtained by L.F. In one issue, L.F. asserts that the court abused its discretion (1) in granting the bill of review because there was legally and factually insufficient evidence that L.F.'s conduct prevented S.C. from participating in the divorce action and that the failure to participate was not due to S.C.'s own negligence or fault. In a second issue, L.F. contends that the court had jurisdiction over the divorce action and, therefore, erred in dismissing it. For the reasons that

follow, we reverse the trial court's order, render judgment denying S.C.'s petition for bill of review and motion to dismiss, and reinstate the default divorce decree.

## Background

L.F. and M.F. were married in June 2014, and M.F. gave birth to S.G.F in December 2017. In January 2019, just after S.G.F. turned one, S.C. filed a suit to adjudicate S.G.F.'s parentage in Kaufman County.[1] S.C., M.F., and L.F. entered into a mediated settlement agreement (MSA), effective November 6, 2019 and providing, among other things, that S.C. was S.G.F.'s biological father, L.F. shall be dismissed from the suit, and the suit shall be resolved by an agreed final order. The suit, however, was dismissed for want of prosecution on December 1, 2021.

On January 4, 2022, L.F. filed a divorce action in Dallas County.[2] Both M.F. and S.C. were served, but neither filed an answer. Instead, S.C. filed a motion to reinstate the Kaufman County suit. The Kaufman County court signed an order reinstating the paternity suit on March 10, but subsequently vacated the order citing its lack of plenary power to reinstate the suit. On March 20, the Dallas County court signed a default divorce decree. The decree, among other things, adjudicated L.F. as S.G.F.'s father.[3]

---

[1] *In the Interest of S.G.F., a Child*, cause number 101583-422, filed in the 422nd Judicial District Court of Kaufman County.

[2] *L.F. v. M.F., et al.*, cause number DF-22-00100, filed in the 254th Judicial District Court of Dallas County.

[3] The divorce decree also adjudicated that L.F. was not the father of another of M.F.'s children, J.X.C. This appeal concerns only the parent-child relationship between L.F. and S.G.F.

On April 26, S.C. filed a motion for new trial in the divorce action. The Dallas County court denied the motion for new trial, and S.C. did not appeal the court's decision.

Meanwhile, on April 28, S.C. initiated this action, filing a petition for bill of review. On July 21, he filed a motion to dismiss the divorce action for lack of jurisdiction. In October, the Dallas County court held a hearing on both the petition for bill of review and the motion to dismiss.

During the bill of review portion of the hearing, S.C. testified that he was S.G.F.'s biological father, and the trial court admitted into evidence his paternity test results and the MSA. Although he and M.F. were served with the divorce action at his parents' address, they lived at an address in Kaufman County at all times relevant to both the Kaufman County paternity suit and the Dallas County divorce action. S.C. did not file an answer or anything else in the divorce action, but he called the court three times to see if a hearing had been set. He testified that he did not think anything could happen in the divorce action case while the paternity suit was still proceeding, but acknowledged that he had been aware that the paternity suit had been dismissed. S.C. also testified that he did not receive notice of the default divorce decree from the clerk, but first learned of it when L.F. attempted to pick up S.G.F. at school thirty days after it was signed, which was the last day that he could have filed a motion for new trial. He then retained counsel.

L.F. testified that he was served in the paternity suit and participated; he had knowledge that S.C. was S.G.F.'s biological father. When he filed the petition for divorce, S.C. and M.F. had been living with S.C.'s parents "[f]or a good period of time"; it was L.F.'s "understanding" that they "weren't able" to live at the Kaufman County address.[4]

Thereafter, the trial court signed an order granting the petition for bill of review, setting aside the default divorce decree, and granting the motion to dismiss due to a lack of jurisdiction. The court also entered findings of fact and conclusions of law, and this appeal followed.

**Bill of Review**

In his first issue, L.F. asserts that the trial court abused its discretion in granting the bill of review because the evidence is legally and factually insufficient to establish that L.F.'s conduct prevented S.C. from participating in the divorce action and S.C.'s failure to participate was not due to his own negligence or fault. Among other things, L.F. argues that S.C.'s failure to pursue all of his available legal remedies precluded relief by bill of review. We agree.

A bill of review is an independent, equitable action brought by a party to a former action seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial or appeal. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226

---

[4] L.F.'s counsel identified S.C.'s parents' address as S.C.'s and M.F.'s last known mailing address in certificates filed in the divorce action.

(Tex. 2015); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). We indulge every presumption in favor of a trial court's denial of a bill of review and will not disturb that ruling absent an affirmative showing that the court abused its discretion. *In re L.M.T.*, No. 05-19-00589-CV, 2020 WL 7053656, at *2 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.). Legal and factual sufficiency of the evidence are not independent grounds of error, but are relevant in determining whether the trial court abused its discretion. *Vences v. Robledo*, No. 03-19-00828-CV, 2020 WL 5100638, at *2 (Tex. App.—Austin Aug. 27, 2020, pet. denied) (mem. op.) (citing *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied)). We first determine whether the record includes sufficient evidence upon which the trial court could exercise its discretion. *Id.* If it does, we then consider whether that exercise constituted abuse. *Id.* A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

If legal remedies against the former judgment were available but ignored, relief by equitable bill of review is unavailable. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999); *see Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) ("If a motion to reinstate, motion for new trial, or direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would not be negligence."), *abrogated in part on other grounds by Ex parte E.H.*, 602 S.W.3d

–5–

486, 496–97 (Tex. 2020). Thus, to be entitled to relief in a bill of review proceeding, the petitioner must show that his failure to file a motion for new trial or notice of appeal was not due to any fault or negligence of his own or of his counsel. *In re Lopez*, Nos. 05-22-00793-CV and 05-22-00794-CV, 2022 WL 17261156, at *4–5 (Tex. App.—Dallas Nov. 29, 2022, orig. proceeding) (mem. op).

L.F. challenges the trial court's finding of fact that S.C. established that the default divorce decree was rendered as the result of L.F.'s fraud, accident, or mistake unmixed with S.C.'s own fault or negligence. L.F. also challenges the following findings, which support the court's finding that S.C. lacked fault or negligence:

- The credible evidence established that [S.C.] was not aware that he was going to be receiving notices from the court at any other address besides his own. The Dallas clerks failed to provide the information as the information of any hearings and or default judgments rendered was mailed to an address that was not [S.C.'s]. As a result, [S.C.] did not find out about the judgment until it was too late.

- The credible evidence established that [S.C.] immediately upon finding out regarding the default Order entered [S.C.] filed his motions to set aside the judgment.

- The credible evidence established that no other legal remedy is available.

- The credible evidence established that [S.C.] has no adequate legal remedy now available to avoid the effect of the decree. Despite the exercise of due diligence, [S.C.] did not discovery about [*sic*] the default until more than thirty days after rendition of the judgment. The invalidity of the judgment does not appear on the face of the record.

Because we have a complete reporter's record of the hearing on the petition for bill of review, we are not bound by the court's findings and may review the sufficiency

of the evidence to support these findings as we would a jury finding. *Westmont Hosp. Grp., Inc. v. Morris*, No. 07-07-0173-CV, 2009 WL 996989, at *3 n.6 (Tex. App.—Amarillo, Apr. 14, 2009, no pet.) (mem. op.). Whether a trial court errs in its ruling on a petition for a bill of review remains subject to the abuse of discretion standard of review. *Id.*

The Dallas County court's finding that S.C. did not learn of the decree "until it was too late" is correct with respect to Texas Rule of Civil Procedure 329b, which requires that a party file a motion for new trial prior to or within thirty days after the trial court signs a complained-of judgment. TEX. R. CIV. P. 329b; *see also* TEX. R. CIV. P. 306a(1). However, if the party adversely affected by a judgment does not receive notice of it within twenty days, Rule 306a(4) outlines a procedure for extending the time for filing a motion for new trial.[5] *See* TEX. R. CIV. P. 306a(4). In order to establish this extended deadline, the party must file a sworn motion and prove to the trial court: (1) the date on which the party or his attorney received notice or acquired actual knowledge of the judgment; and (2) that the date was more than twenty but less than ninety-one days after the judgment was signed. TEX. R. CIV. P. 306a(4)–(5).

---

[5] "If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." TEX. R. CIV. P. 306a(4).

A party who fails to avail itself of available legal remedies, like a timely motion for new trial or direct appeal, is not entitled to relief by bill of review. *See Bergenholtz v. Eskenazi*, No. 05–14–00609–CV, 2015 WL 4481664, at \*2 (Tex. App.—Dallas July 23, 2015, pet. denied) (mem. op.) (citing *Wembley*, 11 S.W.3d at 927). Accordingly, if a party fails to exercise due diligence by using Rule 306a when it would apply to extend the deadline for filing a motion for new trial, the party cannot establish that it lacked fault or negligence. *See In re Lopez*, 2022 WL 17261156, at \*4–5; *In re Tex. Real Estate Comm'n*, No. 04-17-00379-CV, 2018 WL 521576, at \*5 (Tex. App.—San Antonio Jan. 24, 2018, orig. proceeding) (mem. op.) (trial court abused discretion by granting bill of review and setting aside default judgment because party "did not seek an extension of time to file a motion for new trial under Rule 306a" and therefore "failed to establish due diligence in pursuing his available legal remedies"); *Moseley v. Omega OB-GYN Assocs. of S. Arlington*, No. 2-06-291-CV, 2008 WL 2510638, at \*2 (Tex. App.—Fort Worth June 19, 2008, pet. denied) (per curiam) (mem. op.) ("Dr. Moseley did not attempt to utilize rule 306a to extend the time for filing a motion to reinstate or motion for new trial once she received actual notice of the dismissal. She, therefore, failed to exercise due diligence in pursuing available legal remedies[,] and bill of review relief was unavailable." (footnotes omitted)).

Here, the record shows that S.C. filed a motion for new trial on April 26, 2022, more than thirty days after the trial court signed the divorce decree on March 20,

–8–

2022. He first learned about the decree more than twenty days after it was signed, so he could have filed a sworn motion to extend the time for filing his motion for new trial. *See* TEX. R. CIV. P. 306a(4)–(5). Because there is no evidence that he did so, we conclude that he failed to exercise due diligence in pursuing all available legal remedies and, therefore, was not entitled to relief by bill of review. *See, e.g.*, *In re Lopez*, 2022 WL 17261156, at *5 (although Husband received notice of decree fifty days after the trial court signed it, he did not file a Rule 306a(5) motion extending the time to file a motion for new trial and thus failed to establish due diligence in pursuing his available legal remedies). Accordingly, the trial court abused its discretion in finding otherwise.[6] We sustain L.F.'s first issue.

## Lack of Jurisdiction

In his second issue, L.F. asserts that the Dallas County court abused its discretion in ordering the default divorce decree void and dismissing the divorce action for lack of jurisdiction. L.F. contends that S.C.'s collateral attack, which was based on residency requirements in the Texas Family Code, was not jurisdictional. Again, we agree.

The family code provides that a "suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been: (1) a domiciliary of this state for the preceding six-month period; and (2) a

---

[6] Having concluded that the trial court abused its discretion in finding that S.C. lacked fault or negligence, we need not address L.F.'s argument regarding the sufficiency of the evidence to show that the default divorce decree was rendered as the result of his fraud, accident, or mistake.

–9–

resident of the county in which the suit is filed for the preceding 90-day period." *See* TEX. FAM. CODE ANN. § 6.301. These residency requirements are mandatory, but they are not jurisdictional. *In re Marriage of Lai*, 333 S.W.3d 645, 648 (Tex. App.—Dallas 2009) (orig. proceeding); *see also Ex Parte Tyler*, 261 S.W.2d 833, 834 (Tex. 1953) (noting that requirements of then-applicable residency statute were not jurisdictional and judgment of divorce rendered when the requirements were not satisfied was, at most, voidable). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *In re A.S.C.H.*, 380 S.W.3d 346, 350 (Tex. App.—Dallas 2012, no pet.).

S.C. moved to dismiss, asserting the trial court lacked jurisdiction over the divorce action because neither the parties nor S.G.F. resided in Dallas County when the petition was filed or when the decree was signed. The trial court granted the motion and made the following findings of fact[7] in support of its decision:

- The credible evidence established that neither party nor the child resided in Dallas County.

- The credible evidence established that no property at issue is located in Dallas County.

- The credible evidence established that jurisdiction would be proper in Tarrant [*sic*] County, Texas.

- The credible evidence established that the Court lacks jurisdiction over this case for the above stated reasons.

---

[7] In its findings and conclusions, the trial court stated that "[a]ny finding of fact that is a conclusion of law shall be deemed a conclusion of law."

–10–

S.C.'s motion to dismiss, however, did not raise a jurisdictional deficiency; instead, it raised a statutory defense that he could have urged during the divorce action. *See In re Marriage of Lai*, 333 S.W.3d at 648; *see also Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (error other than lack of jurisdiction renders judgment "voidable" and may be corrected through ordinary appellate process). Although the decree may have been voidable because L.F. could not establish that section 6.301's residency requirements were satisfied, S.C. did not demonstrate that the Dallas County court lacked jurisdiction to render it.[8] Accordingly, we conclude that his collateral attack lacked merit and the trial court erred in ordering the decree void and dismissing the divorce action for lack of jurisdiction. We sustain L.F.'s second issue.

## Conclusion

We reverse the Dallas County court's June 19, 2023 order granting bill of review and dismissal. We render judgment denying S.C.'s petition for a bill of review and motion to dismiss and we reinstate the March 20, 2022 Final Decree of Divorce.

|  | /Craig Smith// |
| --- | --- |
| 230853f.p05 | CRAIG SMITH |
|  | JUSTICE |

---

[8] Subject to limited exceptions not applicable here, courts may not consider extrinsic evidence in a collateral attack on a final judgment. *In re B.E.*, No. 05-22-01362-CV, 2024 WL 277716, at *3 (Tex. App.—Dallas Jan. 25, 2024, no pet.) (mem. op.) (citing *In re D.S.*, 602 S.W.3d 504, 510 n.11 (Tex. 2020); then citing *York v. State*, 373 S.W.3d 32, 41–42 (Tex. 2012) (discussing exception for situations in which court lacks, under the very law of its creation, any possible power to render judgment)). Accordingly, we conclude that the court erred to the extent it considered the extrinsic evidence offered during the hearing in deciding S.C.'s motion to dismiss.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF S.G.F. AND
J.X.C., CHILDREN

No. 05-23-00853-CV      V.

On Appeal from the 254th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-22-06513.
Opinion delivered by Justice Smith.
Justices Pedersen, III and Garcia
participating.

In accordance with this Court's opinion of this date, the June 19, 2023 Order Granting Bill of Review and Dismissal is **REVERSED** and judgment is **RENDERED** that (1) appellee S.C.'s petition for bill of review and motion to dismiss are denied and (2) the March 20, 2022 Final Decree of Divorce is reinstated.

It is **ORDERED** that appellant L.F. recover his costs of this appeal from appellee.

Judgment entered this 17th day of September, 2024.

–12–