**Affirmed and Opinion Filed October 10, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00457-CV**

**JANA S. BOYD, Appellant**
**V.**
**ALEXANDER DAVIDOVICH, Appellee**

**On Appeal from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-50338-2023**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Breedlove
Opinion by Justice Breedlove

This is an appeal from the trial court's dismissal of appellant Jana S. Boyd's

("Wife") suit for divorce against appellee Alexander Davidovich ("Husband"). In

two issues, Wife argues that the trial court erred in dismissing her suit because she

satisfied the residency and domicile requirements or, in the alternative, abatement

rather than dismissal was the appropriate remedy.[1] We conclude that the trial court

---

[1] At oral argument, Wife's counsel stated his intention to waive a third issue that was included in the brief; therefore, we do not address that issue in this opinion. *See* TEX. R. APP. P. 47.4.

did not abuse its discretion in dismissing the suit. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

Prior to their marriage, Husband and Wife lived in Russia. In 2018, Husband and Wife were married in California and returned to Russia to live. Then in November 2020, Husband and Wife moved to Texas and signed a lease on a home with a term that expired in May 2022. However, in March 2021, Husband received an offer of employment from the Abu Dhabi Investment Authority. Therefore, in June 2021, Husband moved to Abu Dhabi, U.A.E. From August 2021 through August 2023, Husband was listed as a tenant on a contract for a condo in Abu Dhabi, and both Husband and Wife were listed as occupants. Husband and Wife also obtained ID cards and driver's licenses in Abu Dhabi.

In January 2022, Husband and Wife purchased a home on York Lane in Collin County, Texas. On December 5, 2022, the York Lane house flooded and became uninhabitable. Husband and Wife disagree regarding whether they lived in the York Lane residence between January and December 2022, however, the York Lane address is listed on their 2021 and 2022 tax returns as their home address. On December 6, 2022, Husband filed for divorce in Collin County asserting that he "has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period."

On January 11, 2023, Husband nonsuited his lawsuit. Wife then filed a petition for divorce in Collin County on January 17, 2023, pleading that she had been a domiciliary of Texas for the preceding six-month period and a resident of Collin County for the preceding ninety-day period. She also pleaded that the parties ceased to live together as spouses on or about December 6, 2022.

On March 30, 2023, Husband filed a plea to the jurisdiction and motion to dismiss, arguing that neither party was domiciled in Texas for the six months prior to January 17, 2023, the date when Wife filed suit. In support of his plea to the jurisdiction, Husband amended his answer and filed a sworn declaration to support his assertion that neither party was domiciled in Texas.

Husband then filed for divorce in Abu Dhabi on January 24, 2023. On April 3, 2023, the case in Abu Dhabi was suspended pending the resolution of the case in the United States.[2]

In this suit, on April 27, 2023, Wife filed her response to Husband's motion to dismiss, arguing that she had, in fact, been domiciled in Texas for the prior six months. The trial court held a hearing on Husband's motion on April 28, 2023. Both Husband and Wife testified. The trial court signed an order dismissing the suit on

---

[2] The parties notified the Court at oral argument that the Abu Dhabi court has since lifted the stay and that court finalized the parties' divorce, but such is not reflected in the record before us. The Court expresses no opinion as to the impact of the Abu Dhabi divorce on the present case.

May 3, 2023, and filed findings of fact and conclusions of law on June 16, 2023. The

trial court made the following findings of fact relevant to this appeal:

1. The parties were married on or about November 19, 2018.

2. This suit was filed on or about January 17, 2023.

3. At the time of the filing of JANA S. BOYD's Original Petition for Divorce, neither party had been a domiciliary of Texas for the preceding six-month period.

4. At the time of the filing of JANA S. BOYD's Original Petition for Divorce, neither party had been a resident of Collin County for the preceding ninety day period.

5. Counsel for Petitioner and Respondent agreed for the First Amended Plea to the Jurisdiction and Motion to Dismiss and for Sanctions to be set before the Court at 9:00 a.m. on April 28, 2023 via Zoom.

6. The judge conducted the court proceeding from the 470th Judicial District Court located at 2100 Bloomdale Road, McKinney, Texas 75071.

7. Neither party objected to the court proceeding being conducted by Zoom.

The trial court also concluded that:

[t]his suit could not be maintained in Texas, because, at the time the suit was filed, neither party had been a domiciliary of Texas for the preceding six-month period and a resident of Collin County for the preceding ninety-day period. *See* Tex. Fam. Code § 6.301.

This appeal followed.

### APPLICABLE LAW AND STANDARD OF REVIEW

Section 6.301 of the Texas Family Code provides that "[a] suit for divorce

may not be maintained in this state unless at the time the suit is filed either the

petitioner or respondent has been: (1) a domiciliary of this state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90–day period." TEX. FAM. CODE ANN. § 6.301. This requirement is analogous to jurisdiction in that it is mandatory and cannot be waived. *In re Swart*, 581 S.W.3d 844, 848 (Tex. App.—Dallas 2019, no pet.) (citing *In re Milton*, 420 S.W.3d 245, 247 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding)). Questions of residency and domicile as qualifications for a divorce action are fact issues to be determined by the trial court, and an appellate court will not disturb the trial court's determination absent an abuse of discretion. *Id.* "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

## DISCUSSION

### Issue 1: Determination of Residency and Domicile

We first address whether the trial court abused its discretion in dismissing Wife's suit based on a failure to satisfy the residence and domicile requirements of Texas Family Code § 6.301. Wife argues that the trial court based its ruling on the erroneous belief that a person may be a resident of only one place at a time and that the trial court considered the evidence of Wife's residence in Abu Dhabi to exclude the possibility of her simultaneously maintaining a second residence in Collin

County. Husband does not dispute that a person may be a resident of more than one place at one time; however he responds that Wife failed to establish that either party met the residency or domiciliary requirements to maintain the divorce suit in Texas.

When determining a person's domicile and residency, we look to where the individual resides and is domiciled "at the time the suit is filed." TEX. FAM. CODE ANN. § 6.301; *see also In re Milton*, 420 S.W.3d 245, 252 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("Residency must be established as of the date the suit for divorce is filed; it is not enough that ninety days of residency will pass during the pendency of the divorce proceeding") (citing *In re Rowe*, 182 S.W.3d 424, 426 (Tex. App.—Eastland 2005, orig. proceeding)). Wife filed suit on January 17, 2023. The relevant time periods for this case under § 6.301 are:

| Section 6.301 Requirement | Start Date | End Date |
|---|---|---|
| Must be a domiciliary of <u>Texas</u> for the preceding *six months* | July 17, 2022 | January 17, 2023 |
| Must be a resident of <u>Collin County</u> for the preceding *ninety days* | October 19, 2022 | January 17, 2023 |

While the trial court may consider evidence of domicile and residence before and after the applicable time period as circumstantial evidence to support the parties' assertions regarding their residency and domicile during the statutorily required period, only the parties' residence and domicile during the statutory period counts

toward satisfying the § 6.301 requirements. *See State v. Wilson*, 490 S.W.3d 610, 621 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (considering evidence prior to and subsequent to the statutory period for residence as circumstantial evidence supporting claim of residency during statutory period) (internal citations omitted).

The test for both residence and domicile typically involves an inquiry into a person's intent. *Powell v. Stover*, 165 S.W.3d 322, 326 (Tex. 2005). To establish Texas as a domicile, a person must live in Texas intending to make it his or her fixed and permanent home. *In re Swart*, 581 S.W.3d at 849. For purposes of the Family Code, being a "resident of the county in which suit is filed" means actual, physical, continuous living in the county of suit by the party, for the specified 90-day period, coupled with a good faith intent to make that county home. *Alwazzan v. Alwazzan*, 596 S.W.3d 789, 809–10 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (internal citations omitted).

Although the trial court heard a wide array of evidence both preceding and following the relevant statutory periods, the direct evidence regarding the parties' domicile in Texas and residence in Collin County during the applicable periods is limited to the following:

Evidence of Domicile in Texas and/or Residency in Collin County

| Time Period | Husband | Wife |
|---|---|---|
| July 2022 *(Relevant only to Domicile)* | Owned York Lane home and maintained personal items in it<br><br>Owned a vehicle and insured it in Texas<br><br>Texas driver's license | Owned York Lane home and maintained personal items in it<br><br>Texas driver's license<br><br>Returned to U.A.E. from the U.S.A. on July 7, 2022 |
| August 2022 *(Relevant only to Domicile)* | No new evidence during this period | No new evidence during this period |
| September 2022 *(Relevant only to Domicile)* | Renewed Texas driver's license | Left for the U.S.A. on September 8, 2022, and returned to U.A.E. on September 30, 2022<br><br>Renewed Texas driver's license |
| October–November 2022 | No new evidence during this period | No new evidence during this period |
| December 2022 | York Lane home became uninhabitable<br><br>Filed for divorce in Collin County | York Lane home became uninhabitable<br><br>Wife referred to York Lane home as a "marital residence"<br><br>Wife described both parties as residents of Texas |
| January 2023 | No new evidence during this period | No new evidence during this period |

The trial court heard evidence that Husband and Wife had lived in Abu Dhabi since June 2021. Both parties testified that the York Lane house owned by the parties was not inhabitable as of December 5, 2022 and Wife provided no evidence that she lived in Plano from that time until she filed suit. Husband testified that the parties

–8–

intended for the Plano home to be the couple's retirement home, but that they never lived there or made it their marital residence, despite Wife's assertion to the contrary. The exhibits admitted into evidence included copies of the parties' Abu Dhabi residency cards and drivers' licenses and an official report showing Wife's entries and exits from Abu Dhabi during the statutory period. Wife's residency card specifically notes that it would become invalid if the bearer lived outside of the U.A.E. for more than six months, and there is no evidence to suggest that occurred.

Husband's evidence demonstrates the parties' continued presence in Abu Dhabi and their intent to remain there, which supports the trial court's finding that neither party met the residence or domicile requirements during the requisite period of time, we conclude the trial court did not abuse its discretion. *See in re Marriage of Lai*, 333 S.W.3d 645, 648 (Tex. App.—Dallas 2009, no pet.) (holding that the trial court did not abuse its discretion in finding that the parties did not satisfy the residence and domicile requirements when there was some evidence that the parties did not live in Texas at the requisite time) (citing *Stallworth*, 201 S.W.3d at 345). Although Wife asserts that she lived in Collin County during the statutory periods, there are large gaps of time in which she has provided no evidence to support her allegation of physical presence in Texas. While some of Wife's evidence may support her assertion that she resided with an intent to remain in Collin County, Texas, the trial court did not abuse its discretion merely because it based its decision

on Husband's conflicting evidence. *See RSR Corp. v. Siegmund*, 309 S.W.3d 686, 709 (Tex. App.—Dallas 2010, no pet.). We overrule Wife's first issue.

**Issue 2: Abatement as the Proper Remedy**

In her second issue, Wife argues that even if she did not satisfy the residence and domicile requirements of § 6.301 at the time she filed suit, the trial court should have abated the suit to allow her to cure the defect rather than dismissing the case.

Typically, when the residency requirements under § 6.301 have not been met, the trial court may abate the suit so that the residency requirements can be met by passage of time. *Am. Motorists Ins. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001). However, this Court concluded in *In re Swart* that where the trial court determines that the record does not show that a party intends to move to Texas, the impediment to the trial court's going forward cannot be removed by mere passage of time, and the suit should be dismissed. *In re Swart*, 581 S.W.3d at 850 (holding that where the record demonstrated that a party had a travel visa to the United States, planned to remain for a specific limited period of time, and had a residence as well as other binding ties outside of the United States, the trial court did not abuse its discretion in ordering dismissal rather than abatement) (citing *Am. Motorists Ins.*, 63 S.W.3d at 805).

Here, the trial court had evidence upon which to base a finding that neither of the parties resided in Collin County at the time suit was filed, nor did they make any moves to demonstrate their intent to do so between the time Wife filed for divorce

in January 2023 and the time of the hearing on Husband's First Amended Plea to the Jurisdiction and Motion to Dismiss and for Sanctions in April 2023, more than 90 days later. Specifically, the trial court considered evidence of Husband's long-term work and living arrangements in Abu Dhabi, Wife's continued presence in Abu Dhabi and her steps to begin working in Abu Dhabi, and the lack of habitability of the York Lane residence. The trial court also heard evidence that the York Lane residence was purchased as a long-term retirement property rather than as a residence for immediate living. The mere fact that the record contains conflicting evidence on the parties' intentions with regard to the York Lane property is insufficient for this Court to reverse the trial court's judgment. *See RSR Corp.*, 309 S.W.3d at 709. Because the trial court could have found based on the record before us that the evidence does not support a finding that either party currently lives in Collin County or intends to do so for the requisite time in the future, the trial court did not abuse its discretion in dismissing rather than abating the suit. *See In re Swart*, 581 S.W.3d at 850. We overrule Wife's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

230457f.p05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JANA S. BOYD, Appellant

No. 05-23-00457-CV     V.

ALEXANDER DAVIDOVICH,
Appellee

On Appeal from the 470th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 470-50338-
2023.
Opinion delivered by Justice
Breedlove. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ALEXANDER DAVIDOVICH recover his costs of this appeal from appellant JANA S. BOYD.

Judgment entered this 10th day of October, 2024.